### EDGAR E. POWELL *v.* A. B. HILL.

In an action where the *complaint* stated, a bailment of a certain quantity of corn and fodder to the defendant, with a refusal by the latter to deliver it, and asked judgment for such goods (or their value) and for damages, and the *issue* was upon the *detention,* and also upon the plaintiff's *title* ; the fact being that the plaintiff and defendant were tenants in common of the articles : *Held,* that the Court could give no "relief consistent with the case made by the complaint, and embraced within the issue."

A tenant in common cannot maintain an action against a co-tenant *to recover specific goods,* upon a refusal by the latter to deliver possession thereof: His remedy is *partition.*

(*Campbell* v. *Campbell,* 2 Mur. 65 ; *Sinmons* v. *Sikes,* 2 Ire. 98 ; *Rooks* v. *Moore,* Bus. 1 ; *Hall* v. *Robinson,* 3 Jon. 501, cited and approved.)

ACTION, with *claim and delivery*, tried before *Watts, J.*, at Fall Term 1869 of HALIFAX Court.

The plaintiff complained that he was the owner of a certain quantity of corn and fodder, which he had deposited with one Brodie for storage; that in February 1869, Brodie left the premises where the articles were stored, and the defendant took possession, and afterwards refused to deliver them to plaintiff, and thereupon, he demanded judgment for the goods, or the value thereof, with damages. The defendant answered: 1st, 'That defendant does not detain the said goods 2nd. That plaintiff is not the owner, or entitled to the immediate possession therereof.

The *case* stated that, on the trial before the jury, it appeared that Brodie rented certain lands from Hyman, for 1868, and employed the plaintiff to work on the farm during the year, agreeing to give him a certain part of the crop as wages; the whole crop was measured, and the part thereof due plaintiff ascertained, but such part was never divided off or separated from the rest, but remained mixed with the rest of the crop, until, and after, 1st July 1869, when the defendant, as the incoming tenant, and purchaser from Brodie of the whole crop, except the quantity demanded by the plaintiff, took possession of the whole.

Upon the trial below, the plaintiff recovered a verdict: Judgment accordingly, and Appeal by the defendant.

*Rogers & Batchelor*, for the appellant.

As there had been no setting apart of the plaintiff's share of the crop, there can be no recovery in this action, which is a substitute for replevin.

They cited 1 Ch. Pl. 163, *Wood* v. *Atkinson*, 2 Mur. 87; *State* v. *Jones*, 2 D. & B. 554; *Jones* v. *Morris*, 7 Ire. 370; *McNeely* v. *Hart*, 10 Id. 63; *Brazier* v. *Ausley*, 11 Id. 12; *Rooks* v. *Moore*, Bus. 1; *Morgan* v. *Perkins*, 1 Jon. 171; *Hill* v. *Robinson*, 3 Id. 501.

*Walter Clark, contra.*

1. The Constitution abolishes all distinctions in forms of action.

2. This action is like, but is not governed by the rules in, Replevin; the *claim and delivery* part is merely incidental, and that part may be set aside, without defeating the *action* itself: *Clark* v. *Griffith,* 24 N. Y. 595; *Van Nest* v. *Conover,* 20 Barb. 547.

RODMAN, J. (After stating the facts as above,) by Sect. 249, C. C. P., the Court may give the plaintiff "any relief consistent with the case made by the complaint, and embraced within the issue." The plaintiff in this case demands the recovery of specific goods, or the value thereof. It may be conceded that if entitled to either the one relief or the other, that is to say, if he could have recovered either in an action of detinue or trover, he is entitled to judgment. He is not entitled to any specific goods, because the only goods which he claims, are blended in a mass with others, from which they are undistinguishable. On the proof, he is a tenant in common with the defendant, and the Court could not order the Sheriff to put him in possession of any distinct and specific quantity of corn or fodder, out of the common mass. Neither is he entitled to damages for the conversion of his share of the common property. It is well settled that one tenant in common cannot recover in trover upon a mere demand, and refusal to deliver to him his share: *Campbell* v. *Campbell,* 2 Mur. 65; *Hill* v. *Robinson,* 3 Jon. 501. In *Rooks* v. *Moore,* Bus. 1, it was held that one who was to receive a share of the crop, could not maintain trover for a conversion before a division. It is true, that in this case the particular number of barrels of corn and of bundles of fodder which the plaintiff was entitled to receive out of the mass, was ascertained: But that did not amount to a specific appropriation; he was still but a tenant in common, just as one is who is

entitled to one sheep out of a flock, which must be of the average value. In this case the plaintiff was entitled to his number of barrels, not of the best, nor of the worst, nor out of any particular place in the barn—but of an average value with the mass. Had a portion of the common property been accidentally destroyed, would not the loss have fallen on the parties, in proportion to their respective interests? If the defendant had destroyed or consumed the common property, the plaintiff would have been entitled to recover the value of his share: *Simmons* v. *Sikes*, 2 Ire. 98. In this case the property remained *in specie*. The plaintiff is is entitled to partition, but he must resort to the proper proceeding for that purpose. Judgment reversed.

PER CURIAM.                                    *Venire de novo.*