LEWIS GRIM v. J. J. WICKER, Sheriff, and J. M. MONGER.

*Tenants in Common—Remedies inter se—Liability of Sheriff.*

1. One tenant in common of a chattel cannot sue another for a conversion unless the common property is destroyed, carried beyond the limits of the state, or, when perishable, so disposed of as to prevent the other from recovering it.

2. Where a tenant in common of personalty has assigned his share, and after such assignment, the sheriff, under an execution against the assignor, sells the common property and delivers the same to the other original tenant, who had become the purchaser at such sale, the assignee cannot sue the sheriff for a conversion.

(*Moye* v. . . . . . . ., 2 Hay., 186; *Campbell* v. *Campbell*, 2 Mur., 65; *Bonner* v. *Latham*, 1 Ire., 271; *Pitt* v. *Petway*, 12 Ire., 69; *Lucas* v. *Wasson*, 3 Dev., 398; *Lowthorp* v. *Smith*, 1 Hay., 255; 4 Dev. & Bat., 199 ; *Powell* .v. *Hill*, 64 N. C., 169, cited and approved.)

CIVIL ACTION in the nature of Trover, tried at Fall Term, 1878, of MOORE Superior Court, before *Buxton, J.*

The defendant, John M. Monger, and one Richardson, had been tenants in common of a turpentine still, the property in dispute. Richardson sold his interest in the same to the plaintiff. The defendant, Monger, obtained a judgment against Richardson and issued an execution thereon to the other defendant, Wicker, who was sheriff of Moore county, and directed him to levy on Richardson's interest in the still ; and upon his giving Wicker a bond of indemnity, he took the still, cutting a chain by which it was fastened, and sold it at public sale, when Monger became the purchaser, and the still was delivered to him by Wicker. Verdict and judgment for plaintiff, appeal by defendant.

*Messrs. Reade, Busbee & Busbee,* for plaintiff.
*Messrs. Hinsdale & Devereux,* for defendants.

ASHE, J. (After stating the case.) It is a well established principle of law that one tenant in common of a chattel cannot sue the other for a conversion. *Moye* v. ........., 2 Hay. 186; *Campbell* v. *Campbell*, 2 Mur., 65; *Bonner* v. *Latham*, 1 Ire., 271 ; *Pitt v. Petway*, 12 Ire., 69.

The only exceptions to this principle are where the property is destroyed, carried beyond the limits of the state, or when being of a perishable nature such a disposition of it is made as to prevent the other from recovering it. *Lucas* v. *Wasson*, 3 Dev., 398; *Lowthorp* v. *Smith*, 1 Hay., 255.

A petition for the division of personal property held in common, or a sale for the purpose of division depending upon the nature of the property, is the only remedy one tenant in common has against another for withholding from him the possession. *Powell* v. *Hill*, 64 N. C., 169.

Monger is not liable in damages to the plaintiff for a conversion of the still, because he had as much right to the possession as the plaintiff, and it was not destroyed by him nor carried beyond the limits of the state, nor was it of a perishable nature and disposed of by him so that he could not recover it. Nor was the other defendant liable because he seized the still by the direction of Monger, and delivered it to him, who had a legal right to the possession. 4 Dev. & Bat., 199.

If Monger could take possession of the still himself, he certainly could do so by an agent, and we cannot see how the fact of that agent's being a sheriff and having an execution in his hands could change the application of the principle.

Error.                              *Venire de novo.*