J. II. STRAUSS v. J. D. CRAWFORD.

*Claim and Delivery—Tenants in Common.*

An action of claim and delivery by one tenant in common against another to recover possession of personal property, cannot be maintained, unless the same has been destroyed or carried beyond the limits of the state.

(*Bonner* v. *Latham*, 1 Ired., 271; *Grim* v. *Wicker*, 80 N. C., 343; *Campbell* v. *Campbell*, 2 Mur., 65; *Pitt* v. *Petway*, 12 Ired., 69, cited and approved).

CIVIL ACTION tried at Fall Term, 1882, of NEW HANOVER Superior Court, before *MacRae, J.*

This was an action of claim and delivery to recover possession of a turpentine still and its appurtenances, and for damages for the detention of the same. The plaintiff was nonsuited and appealed to this court.

No counsel for plaintiff.
Messrs. *W. S. Norment* and *Rowland & McLean*, for defendant.

ASHE, J.   The plaintiff alleged that he was the owner of the still, and that the defendant wrongfully took the same from his possession and unjustly detained it.

The defendant denied both of these allegations, and for further defence stated that he purchased the still and fixtures mentioned in the complaints from one Fulmore, who, together with the defendant, had held said still, &c., adversely to the claim of the plaintiff, and those under whom he claimed, for more than three years prior to the beginning of this action; that the present plaintiff, and those under whom he claimed, well knew of such adverse claim; and that the plaintiff claims under a deed from one John Costin, who purchased the still and fixtures at an execution sale, against one Petteway, who at the time was a copartner and half owner with Fulmore in said still.

The plaintiff offered no proof on the trial, except as to damages, and there was none produced by the defendant.

The still, with its appurtenances, was either a part of the realty, as fixed to the freehold, or it was personal property. In the view we take of the case, it was immaterial whether it was the one or the other. If a part of the realty, of course this action could not be maintained, nor could it be sustained if it was personalty. For if the statement made in the defendant's answer, "that the plaintiff claims under a deed from one Costin, who purchased it at an execution sale against one Petteway, who at the time was a copartner and half owner with Fulmore," is to be taken as an admission of the title of the plaintiff to a moiety of the still, &c., as a tenant in common with the defendant, the plaintiff could not recover; for the possession of one tenant in common is the possession of the other, and no action can be maintained for the specific personal property held in common by one tenant in common against another. *Bonner* v. *Latham*, 1 Ired., 271. He cannot support the action unless the property has been destroyed or carried beyond the limits of the state. *Grim* v. *Wicker*, 80 N. C., 343; *Campbell* v. *Campbell*, 2 Mur., 65; *Pitt* v. *Petway*, 12 Ired., 69.

But if the statement of the defendant is not to be considered as an admission of the title of the plaintiff to a moiety of the still, but only a recital of what the plaintiff *claims* to be his title, then the plaintiff's action must fall, because he has offered no evidence of any title. It is true he alleges in his complaint that he was the owner of the still, but that allegation is denied by the defendant.

It is hardly worth while to consider the plea of the statute of limitation. The defendant says that he and those under whom he claims the still, have had adverse possession thereof more than three years before the commencement of the plaintiff's action, but he offered no evidence to sustain such a defence. It was an allegation without proof. There is no error.

No error.                                        Affirmed.