## J. N. SHEARIN v. A. J. RIGGSBEE.

*Conversion—Tenants in Common of Chattels.*

1. One tenant in common of chattels cannot maintain trover against his co-tenant upon a mere demand and refusal to deliver to him his share of the common property, but the act of withholding must be tortious, having the effect so far as the plaintiff is concerned of an actual destruction of the property.

2. Where a contract of renting was that the landlord should have a part of the crop, and after it was gathered the landlord took it into his sole possession, and refused to divide when it was demanded, on the ground that the crop was not then in condition for a division, but he did not deny the tenant's right to a division, and while in his possession the crop was destroyed by fire; *It was held*, that this did not amount to a conversion, and an action in the nature of trover could not be maintained, the landlord and tenant being tenants in common of the crop.

(*Pitt* v. *Petway*, 12 Ired., 69; *Hill* v. *Robinson*, 3 Jones, 501; *Jones* v. *Morris*, 7 Ired., 370; *Powell* v. *Hill*, 64 N. C., 169; *Rooks* v. *Moore*, Busb., 1; cited and approved).

CIVIL ACTION, tried before *Connor, Judge*, at February Civil Term, 1886, of WAKE Superior Court.

During the year 1884 the plaintiff cultivated land belonging to the defendant, under an agreement for an equal partition of the crops of wheat, corn and tobacco grown on the cleared portion, and for the retention of two thirds by the plaintiff, of such as were raised upon the land he might clear and in the same proportion they were to pay for the fertilizers used. There is no controversy as to much of the contract, but in the answer, the defendant says, that the crop of tobacco, alone involved in the present suit, was to be stripped and assorted, or culled and separated, before a division.

The tobacco after maturing, was gathered by the plaintiff and placed in a house on the defendant's land, occupied as a place of residence by his son Thomas his general manager

on the farm.   After five days' notice of demand, the plaintiff on November 3d, went to the house and found that the lock with two keys, one of which he, and the other the said Thomas kept, had been removed, and the door fastened with an additional lock.   The defendant and his son were present, and were told that the plaintiff had come to have a division.

The defendant objected to doing this until the tobacco was stripped, alleging such to be the contract, which the plaintiff denied.

The defendant testified to his having objected to a division at that time, because the tobacco was in too dry a condition, and offered to allow it to be done, if the plaintiff would pay for the stripping and packing, which was refused.   The house with what was in it was burned about four weeks afterwards, during which interval the weather continued too dry to permit its being handled for a division.   Upon the issues submitted to the jury they find as follows:

1. The defendant did wrongfully convert the tobacco of plaintiffs, to his damage $434.38.

2. The plaintiff has performed his contract with the defendant.

3. The plaintiff is not indebted to defendant for advances.

The defendant requested an instruction that upon the evidence there was shown no conversion, instead of which the Court charged the jury as follows:

"That if they believed upon the whole evidence, that on the 3d of November, 1885, the plaintiff having given five days' notice of his intention to divide the crop, the plaintiff had in all respects complied with, and performed all of the stipulations of his agreement with the defendant, and had satisfied all of the liens of the defendant on the crop, and that the tobacco had been, up to the time of giving said notice, in the joint possession of the plaintiff and the defendant, and that upon the receipt of such notice the defendant took the tobacco into his exclusive control and possession,

by placing another lock on the door of the house and taking the key thereto, and that upon the demand of the plaintiff, the defendant refused to divide the said tobacco or permit the plaintiff to go into the barn, and that the said tobacco was in a condition to be divided without injury, that such facts would constitute in law a conversion, and that they would find the first issue in the affirmative. That it was incumbent upon the plaintiff to show the existence of such facts by a preponderance of the evidence, and unless he had done so, they would find the first issue in the negative. That if they found the first issue in the negative, they need not consider the second issue, but that if they found the first issue in the affirmative, the measure of damages would be the value of the plaintiff's share of the tobacco, it being admitted that the same had been destroyed. That there was no evidence to sustain the third issue, and they need not consider the fourth. That their finding upon the sixth and seventh issues was involved in the first issue. The third issue was an inquiry as to whether the burning was from defendant's negligence."

There was a judgment for the plaintiff and the defendant appealed.

*Mr. T. M. Argo,* for the plaintiff.
*Messrs. J. S. Manning* and *E. C. Smith,* for the defendant.

SMITH, C. J., (after stating the facts). The sole question to be determined is, whether upon the facts, the plaintiff's share of the tobacco has been converted by the defendant to his own use, so that he has become answerable for the loss, whatever care he may have bestowed upon the property in preserving it for the common benefit of both.

Assuming a tenancy in common to exist, and a *bona fide* controversy between them as to some of its terms preceding the division, and as to the fitness of the article in its then dry

condition to undergo the handling necessary thereto, was the present retention and refusal to divide, an appropriation of the plaintiff's share, or such an exercise of dominion or tortious withholding, as subjects him to a responsibility for the entire loss?

Judge COOLEY, in his work on Torts, 455, in reference to irreconcilable rulings as to what constitutes a conversion by one tenant in common of the share of another, says: "The rule in England is, that neither a claim to exclusive ownership by one, nor the exclusion of the other from possession, nor even a sale of the whole, can be treated in law, as the equivalent of loss or destruction, or be considered a conversion; and this rule is adopted in some cases in Vermont, and in North Carolina it is also followed, but with this qualification, that a sale of the property out of the State may be treated as a loss or destruction,"—referring to *Pitt* v. *Petway*, 12 Ired., 69. But he adds that the rule "can have no reasonable application to such commodities as are readily devisable by tale or measure, into portions absolutely alike in quality, such as grain or money. Thus, if one is entitled to a half of a certain number of bushels of wheat, he is entitled to the half in severalty; and if his co-tenant in actual possession refuses to surrender the half on demand *and deny his right*, this is a conversion, because it deprives him of his right as effectually as would a sale;" 455, 456.

The act of withholding, to warrant the action of the plaintiff tenant in common against his co-tenant, must be *tortious*, "having the effect, so far as the plaintiff is concerned, of a total destruction of the property" at the time. 2 Greenleaf Evidence, §646.

Our own rulings do not to the same extent recognize the distinctions made by Judge COOLEY in reference to the subject-matters of the tenancy. Thus, in *Hill* v. *Robinson*, 3 Jones, 501, NASH, C. J., says: "The fifteen sacks of salt were purchased with the joint funds of the plaintiffs and of Howell—

five for the latter and ten for the former; but no specific bags were set apart, either by Howell or Robinson, as the property of the plaintiffs; and until that was done, an action of trover could not be sustained by the plaintiffs for any portion of the salt."

"If A sell to B all the corn in a particular barn, and afterwards refuses to deliver it. B may maintain an action of trover for the conversion. But if the contract is for a portion less than the whole, then B could maintain an action for a violation of the contract in the refusal to deliver, but not an action of trover;" citing *Jones* v. *Morriss*, 7 Ired., 370. In this case there had been a demand and refusal.

But the more recent case of *Powell* v. *Hill*, 64 N. C., 169, has the essential features of that before us. The plaintiff was employed by one Brodie to work on a farm the latter had rented, for a share of the crop. The crop was measured and the plaintiff's part ascertained but not separated from the bulk. The defendant, an incoming tenant, bought from Brodie the whole crop except the plaintiff's share, and took possession of the whole. RODMAN, J., delivering the opinion, says: "On the proof, he (the plaintiff) is a tenant in common with the defendant, and the Court could not order the sheriff to put him in possession of any distinct and specific quantity of corn or fodder out of the common mass. Neither is he entitled to damages for the conversion of his share of the common property. It is well settled, that one tenant in common cannot recover in trover upon a mere demand and refusal to deliver to him his share."

In *Rooks* v. *Moore*, Busb., 1, it was held, that one who was to receive a share of the crop, could not maintain a trover before a division.

Had a portion of the common property been accidentally destroyed, would not loss have fallen on the parties in proportion to their respective interests?

The authorities referred to in the argument for the plaintiff, apply when the tenant not only withholds from the co-tenant, but exercises a dominion over the common property, in denial of, and inconsistent with the rights of the latter, and not in the mere assertion of his own.

Nowhere in the action of the defendant, is found any appropriation of the tobacco to his sole use. Where is the exertion of any dominion incompatible with the recognition of the equal claim of the plaintiff thereto? He refuses to permit partition, because, according to his understanding, something more was to be done before, and an injury would come to the article in the attempt to make it at the time. He sets up no claim to the plaintiff's undivided share, but keeps possession, only postponing the separation. Upon the verdict, this was wrongful, but it is not a conversion to the defendant's use. The plaintiff could have recovered his share under §1755 of *The Code,* had the tobacco not been destroyed, and it was destroyed by no fault or negligence of the defendant. The mere fact that the plaintiff was debarred access to the house in order to force a division, and the crop was retained for a division afterwards, does not amount to a conversion, nor warrant an inference of an exclusive appropriation to his own use.

But while not a conversion, it was a wrongful resistance to the plaintiff's demand of a right to an immediate division, which entitles him to some, if no more than nominal damages, but not to the full extent of the value of his share, which can only be maintained by deeming the retention a conversion.

For the errors mentioned the verdict must be set aside and a new trial ordered. Let this be certified.

Error.                                        Reversed.