MOSES SHEFFLER, Appellant, v. JOHN B. MUDD, Respondent.

### St. Louis Court of Appeals, May 4, 1897.

1. **Conversion by Tenant in Common.** A tenant in common can only be held liable for conversion where he so appropriates the common property as to render its future use to his cotenant impossible.

2. ———: REMOVAL OF PROPERTY: PROOF. To constitute such appropriation it must be shown that the common property was removed by the tenant to a place unknown to his cotenant, or where he could not find the property upon some inquiry.

3. ———: LIABILITY OF AGENT. Where one acts as the agent of a tenant in the detention or removal of the common property, he can only be held by proof of such acts on his part as to deprive the cotenant of the means of locating the property.

*Appeal from the Clark Circuit Court.*—HON. BENJAMIN E. TURNER, Judge.

AFFIRMED AND REMANDED (*with directions*).

*O. S. Callihan* and *C. T. Llewellyn* for appellant.

Instructions numbered 1 and 2, given for plaintiff, were proper instructions. *Warwick v. Baker*, 42 Mo. App. 439, 442; Freem. on Coten. & Par. [2 Ed.], sec. 306, and pp. 396–398, 400; *Webb v. Mann*, 3 Mich. 139; *Fiquet v. Allison*, 12 *Id.* 328; *Bray v. Bray*, 30 *Id.* 479; *Grove v. Wise*, 39 *Id.* 162; *Agnew v. Johnson*, 17 Pa. St. 373; *Winner v. Peniman*, 35 Md. 163; *Roddy v. Cox*, 74 Am. Dec. 64; *Roseman v. Syring*, 35 Pac. Rep. 844; 7 Lawson's Rights, Rem. & Prac., sec. 3671; Smith on Per. Prop., sec. 26, p. 34.

Defendant's denial of plaintiff's right to a one half interest in the horse was a misfeasance, and made him personally liable to plaintiff, even though an agent.

*Steinhauser v. Spraul,* 127 Mo. 555; *Smith v. Briggs,* 64 Wis. 497; Meach. on Agcy., sec. 574; *Timber & Iron Co. v. Cooperage Co.,* 112 Mo. 389; *Koch v. Branch,* 44 *Id.* 546; *Ess. v. Griffith,* 128 *Id.* 62.

Plaintiff's instruction numbered 3 was properly given. *Duskey v. Rudder,* 80 Mo. 408, 409, and citations.

Any wrongful act which negatives or is inconsistent with the owner's right is *per se* a conversion. *Williams v. Wall,* 60 Mo. 318; *Ireland v. Horseman,* 65 *Id.* 511; *Allen v. Monagle,* 77 *Id.* 478; *Warwick v. Baker,* 42 Mo. App. 439–442; *Banking House v. Brooks,* 52 *Id.* 364.

The defendant is personally liable. He did not disclose his principal (if he had one) and the principal was unknown. 2 Kent, Com., 630, 631; *Furniture & Carpet Co. v. Crawford,* 127 Mo. 364; *Harrimon v. Stowe,* 57 Mo. 79; Story on Agcy., 308, 309, 311.

*Berkheimer & Dawson* for respondent.

The instructions, numbered 1 and 3, were in direct contradiction, and inconsistent with instructions of defendant. *Evers v. Shumaker,* 57 Mo. App. 454; *Frank v. R. R., Id.* 181; *Redpath v. Lawrence,* 42 *Id.* 101; *Norton v. Paxton,* 110 Mo. 456.

An instruction is erroneous when there is no evidence to base it on. *Fulks v. R. R.,* 111 Mo. 335; *Hewitt v. Steele,* 118 *Id.* 463; *Bergman v. R. R.,* 104 *Id.* 77.

There was not and could not be a conversion by one tenant in common of a chattel, the chattel being an entirety, as in this case. *Sharp v. Benoist,* 7 Mo. App. 534; *Myers v. Hale,* 17 *Id.* 204; *Parker v. Rodes,* 79 Mo. 88.

A cotenant can not maintain an action of trover

against his cotenant for the mere detention and use of the common property. 2 Am. and Eng. Ency. Law, 1126.

Before a joint tenant can maintain trover against his cotenant the property must be destroyed, or so converted and appropriated as to render any future enjoyment of the property impossible. 11 Am. and Eng. Ency. Law, 1126, 1127, and citations in notes; Cooley on Torts [2 Ed.], p. 533; *Shearin v. Riggsbee*, 97 N. C. 216; 1 Chitty, Plead. [16 Am. Ed.], pp. 227, 175. See, also, *Johnson-Brinkman Co. v. Bank*, 116 Mo. ——; *Bank v. Fisher*, 55 Mo. App. 51; *Kennett v. Peters*, 54 Kan. 119; *Bolling v. Kirby*, 24 Am. Rep. 798.

In this case plaintiff could have maintained a partition for the property. 2 R. S. 1889, sec. 7192.

BIGGS, J.—In 1894 the plaintiff and one Koontz owned a stallion as tenants in common. On the thirteenth of that month Oliver Blades sued Koontz by attachment before a justice of the peace in Clark county, and the constable levied upon Blades' interest in the horse. There was a judgment against Koontz in the attachment suit, and the stallion was sold to satisfy the judgment. The defendant attended the sale and bought the horse for Blades. The constable delivered the animal to the defendant, who took him to an adjoining county, and there delivered him to Blades. The present action is for a conversion of plaintiff's interest in the horse. On the trial in the circuit court there was a finding for plaintiff for $100. The court sustained the defendant's motion for a new trial and set aside the verdict upon the ground that error had been committed in giving the following instructions asked by the plaintiff:

"(1)  If the jury believe from the evidence that plaintiff was the owner of an undivided one half interest in the horse in controversy at the time of the constable's sale to defendant, Mudd, and shall further believe from the evidence that after defendant, Mudd, took possession of the horse he denied plaintiff's right to said undivided interest, and refused to recognize plaintiff's ownership of said one half interest in said horse, the jury are instructed that such acts and conduct on the part of defendant was a conversion of plaintiff's interest in said horse, and he is, therefore, entitled to a verdict against defendant for damages for such conversion."

"(3)  The jury are further instructed that although they may believe from the evidence that defendant was acting with reference to said horse solely as the agent and attorney of one Oliver Blades and not for himself, still, if after he took possession of said horse he denied plaintiff's right therein and refused to recognize plaintiff's ownership of one half interest in said horse as stated in these instructions, your verdict must be for the plaintiff."

The plaintiff has appealed from the order sustaining the motion for new trial.

The questions to be answered under this record are, will a denial by one tenant in common of the title of his cotenant to the common property, amount to a conversion of the latter's interest?  Or, will the removal of the property to another county in the same state have that effect?  The right of recovery is not based on an attempted sale of the entire title to the horse.  The evidence leaves no doubt that the levy and sale extended only to the interest of Koontz.  Neither is the cause of action founded on the act of the constable in

CONVERSION by tenant in common.

taking possession of the horse and delivering him to the defendant. That Koontz's interest was subject to sale at the suit of his creditors, and that the constable had the right in making the levy to actually seize the horse and to deliver him to the purchaser at his sale, is not denied. The *gravamen* of the complaint is, that after the sale the defendant would not recognize that plaintiff had any interest in the horse, and that immediately thereafter he took the horse to the farm of Blades in Scotland county, where he had since remained. Was the proof of these facts sufficient to make out a case of conversion? The supreme court of Michigan has decided that where one tenant in common takes exclusive possession of the common property, and denies the right or title of his cotenant thereto, he is guilty of a conversion. *Bray v. Bray*, 30 Mich. 497. On principle this rule ought to be confined to perishable property or to property which may be consumed in its use. In no other way can it be reconciled with the general law on the subject, which recognizes the right of one tenant in common to detain the common property for his exclusive use, and only renders him liable ' for its conversion when he appropriates or removes it "so as to render the future use of his cotenant impossible." Cooley on Torts, star page 445; 11 Am. and Eng. Ency. of Law, pp. 1125–1128; *Allen v. Harper*, 26 Ala. 686; *Shearein v. Riggsbee*, '97 N. C. 216; *Grim v. Wicker*, 80 N. C. 344. It follows that the plaintiff's first instruction is erroneous, as it places the right of recovery solely on the ground that the defendant refused to admit that the plaintiff had an interest in the horse. Therefore the circuit court did right in setting aside the verdict.

As the case may be retried it may be well to discuss the effect of the removal of the horse to Scotland

Sheffler v. Mudd.

county. All of the evidence tends to show Conversion by tenant in common: removal of property: proof. that the removal of the animal was open, and that the place to which it was removed was well known to the plaintiff, or could have been ascertained by him by some inquiry. Hence the plaintiff's case also fails on this branch. The rule is, that if one tenant remove the common property to a place unknown to his cotenant and the removal is made under such circumstances as to afford the cotenant no means of finding out its location, this is such a destruction of the interest of the cotenant as to entitle him to sue for a conversion. Freeman on Cotenancy and Partition, sec. 317. In North Carolina it is held that if the property is removed beyond the state there is a conversion. *Grimm v. Wicker, supra.*

Although the evidence leaves no doubt that the defendant in making the purchase acted as the agent or attorney of Blades, yet he is responsible Liability of agent of tenant. sible for his acts of misfeasance (if any) in respect of the business. As we have shown he incurred no liability by failing to recognize the plaintiff as a part owner of the horse, and he can only be held by proof of acts on his part in the removal of the horse, which deprived the plaintiff of the means of locating him.

The judgment sustaining the motion for a new trial will be affirmed, and the cause remanded, with directions to the circuit court to proceed with the cause. All concur.