THOMPSON v. SILVERTHORNE.

(Filed September 11, 1906).

*Tenants in Common—Personalty—Actions by Cotenants to Recover Possession—Partition—Injunction—Receiver.*

1. One tenant in common, or joint owner of personal property, cannot maintain an action against the other tenant or owner to recover the exclusive possession of the property, except when the property is destroyed, carried beyond the limits of the State, or when, being of a perishable nature, such a disposition of it is made as to prevent the other from recovering it; and it is not sufficient to show that defendant forcibly took the property from his cotenant's possession.

2. If, pending a proceeding for partition of personalty, the defendant threatens the destruction or removal of the property, the Court, on application, might enjoin him, or appoint a receiver.

ACTION by L. F. Thompson against David Silverthorne, heard by *Judge T. J. Shaw* and a jury, at the October Term, 1905, of the Superior Court of BEAUFORT, upon appeal from a justice of the peace.

From a judgment of nonsuit, the plaintiff appealed.

*W. C. Rodman* for the plaintiff.
*Small & MacLean* for the defendant.

CONNOR, J.　Plaintiff sued for possession of certain logs described in his complaint.　After the testimony was in, counsel stated to the Court that he would contend that he had by his testimony proven that the person under whom plaintiff claimed and defendant were tenants in common of the land from which the logs were cut and also tenants in common of the logs in controversy; that defendant took them by force from his possession.　His Honor intimated that if plaintiff established such state of facts he would instruct the jury that he was not entitled to recover; whereupon plaintiff excepted, and submitted to a judgment of nonsuit and appealed.　The sole question presented upon the appeal is whether his Honor was correct in the instruction which he proposed to give the jury.　Plaintiff concedes the well-established principle that one tenant in common, or joint owner of personal property, cannot maintain an action against the other tenant or owner to recover the exclusive possession of the property.　*Grim v. Wicker,* 80 N. C., 343; *Strauss v. Crawford,* 89 N. C., 149. He calls attention to the exceptions to the general rule, and contends that he brings himself within one of them, for that defendant forcibly took the logs from his possession, and he is entitled to be restored to his original status.　*Mr. Justice Ashe* in *Grim v. Wicker, supra,* thus states the exceptions to

the general principle: "The only exceptions to this principle are when the property is destroyed, carried beyond the limits of the State, or when, being of a perishable nature, such a disposition of it is made as to prevent the other from recovering it," citing *Lucas v. Wasson,* 14 N. C., 398, in which it is said: "It is not sufficient to show that defendant took forcible possession of the chattel and carried it away." The principle was applied in *Shearin v. Riggsbee,* 97 N. C., 216. We do not think the language used by the Court in that case conflicts with the authorities cited. The right of the plaintiff upon the facts relied upon was to have partition. If, pending the proceeding for that purpose, the defendant threatened the destruction or removal of the property, the Court would, upon application, have enjoined him, or, if necessary, appointed a receiver. We concur with the ruling of his Honor.

The judgment of the nonsuit must be

Affirmed.