### ANNIE BARHAM v. H. G. PERRY.

(Filed 22 November, 1933.)

1. **Courts B b—Pleadings in action brought in court of limited jurisdiction must show that action is within court's jurisdiction.**

   In an action brought in a court of limited jurisdiction plaintiff must make it appear in the pleadings that the action is within the jurisdiction of the court, and where he fails to do so a demurrer to the jurisdiction should be sustained even upon motion made after judgment upon appeal to the Superior Court, the defect not being remedial by verdict.

2. **Courts A c—**

   Upon appeal from a recorder's court the jurisdiction of the Superior Court is derivative, and where it is not made to appear in the pleadings that the recorder's court had jurisdiction, the Superior Court obtains no jurisdiction.

3. **Pleadings I c—Time within which motion to dismiss must be made.**

   A motion to dismiss an action on the ground that one tenant in common may not sue another for possession is properly denied when the motion is not made until after judgment and the question has not been raised by movant prior thereto, but a motion to dismiss on the ground that the action is not within the jurisdiction of the court may be made at any time.

4. **Judgments F b—Judgment in this case held uncertain and incapable of execution.**

   A judgment in an action to recover certain personal property that plaintiff should recover one of two mules, without designating which, and one-half of the other property, consisting of one wagon and harness, one rake and one mower, is uncertain and incapable of execution, and defendant's objection thereto should be sustained.

APPEAL by defendant from *Cranmer, J.,* at Second March Term, 1933, of WAKE.

Civil action with ancillary remedy of claim and delivery to recover possession of "two mouse-colored mules; one 2-horse wagon and harness;

one mower and one rake," instituted in the recorder's court of Zebulon and Little River Township, and tried *de novo* on appeal to the Superior Court of Wake County.

The complaint alleges that plaintiff is the sole owner of the property described in the complaint, but on trial in the Superior Court, evidence was offered tending to show that plaintiff and her son, R. I. Barham, acquired the property in question under her husband's will, and that they owned the same as tenants in common.

The value of the property is not alleged in the complaint, nor is the affidavit in claim and delivery set out in the record. It is recited that the defendant replevied and retained possession of the property, but the forthcoming bond does not appear, and the amount of it is not stated.

The defendant claims sole ownership in himself and offered evidence tending to show that he purchased said property from plaintiff's son, R. I. Barham.

The jury returned the following verdict:

"1. Is the plaintiff the owner of and entitled to the possession of the property described in the complaint? Answer: Yes.

"2. What was the value of the property described in the complaint at time it was seized by the sheriff? Answer: $115.00. (Mules $150.00; wagon and harness $40.00; rake and mower $40.00—total $230.00. One-half $115.00.)"

Judgment on the verdict that plaintiff recover of the defendant "one of the mules described in the complaint and one-half of the other personal property."

The defendant objected to the judgment and moved to dismiss the action for want of jurisdiction, and because one tenant in common of personal property cannot maintain an action against a cotenant for the possession of said property. Overruled; exception.

The defendant then objected to the judgment on the ground that it is indefinite, uncertain and incapable of execution. Overruled; exception.

Defendant appeals, assigning errors.

*J. G. Mills for plaintiff.*
*Gulley & Gulley for defendant.*

STACY, C. J. The recorder's court of Zebulon and Little River Township, Wake County, is a court of limited jurisdiction, both as to territory and subject-matter. Chap. 409, Public-Local Laws, 1915. In civil actions, its jurisdiction is confined to cases wherein the sum demanded does not exceed five hundred dollars on contract or two hundred fifty dollars in tort, with the right of appeal, as from a court of the justice of peace, to the Superior Court of Wake County. Sec. 29.

It was said in *Alexander v. Bateman,* 1 N. C., 248, that "Whatever is claimed to be within the jurisdiction of an inferior court ought to be plainly shewn, as in pleading, nothing shall be intended within its jurisdiction unless it be expressly alleged." And it is a rule of general observance that the total omission of an *ad damnum* clause in a complaint is fatally defective as against a demurrer or motion to dismiss for want of jurisdiction, when the action is brought in a court of limited jurisdiction. Nor is the deficiency cured by the verdict. 7 R. C. L., 1056. There was no motion to amend the complaint in this respect, which might have been allowed, if seasonably made. Note, 21 A. S. R., 621.

The jurisdiction of the Superior Court on appeal is derivative only (*Ijames v. McClamroch,* 92 N. C., 362), hence it would appear that the motion to dismiss for want of jurisdiction should have been allowed.

But as the motion was not made until after judgment, it was properly denied on the second ground alleged, to wit, that one tenant in common of chattels cannot sue another for conversion of said chattels. While this is the general rule, there are exceptions to the rule as well established as the rule itself, *e. g.,* in case of imminent destruction or loss of the property. *Thompson v. Silverthorne,* 142 N. C., 12, 54 S. E., 782; *Shearin v. Riggsbee,* 97 N. C., 216, 1 S. E., 770; *Grim v. Wicker,* 80 N. C., 343; *Powell v. Hill,* 64 N. C., 169; *Doyle v. Bush,* 171 N. C., 10, 86 S. E., 165; *Waller v. Bowling,* 108 N. C., 290, 12 S. E., 990; 12 L. R. A., 261, and note. And after judgment, the question not having been raised before, it would seem that, if permissible, as it is on the present record, the case should be ruled in favor of jurisdiction as upon one of the exceptions.

The objection to the judgment that it is uncertain and incapable of execution appears to be well taken. *Carter v. Elmore,* 119 N. C., 296, 26 S. E., 35. It is adjudged that plaintiff recover of defendant one of two mules without designating which one. It is further provided that she recover one-half of the other personal property described in the complaint without stipulating which half. Counsel for plaintiff assured us on the argument that he thought the parties could readily agree on a division of the property; that his client would be willing to take the wagon and give the defendant the mower and the rake and one of the mules or his choice of the mules. But on the day of division the defendant might say to the plaintiff: "You never said wagon to me a time." Then, what would the sheriff or the executioner do? In this dilemma, the position of plaintiff and defendant would be close akin to that of the two fabled hunters, who were unable to agree upon a division of the quarry of the day's hunt, which consisted of a turkey, an opossum and a rabbit. "You take the possum and give me the turkey and the rabbit,

or I'll take the turkey and give you the possum and the rabbit," said the one. "You never said turkey to me a time," was the reply of the other.

The judgment was doubtless drawn by counsel and submitted for the court's signature, as is customary on the circuit.

Reversed.