W. L. SULLIVAN, Plaintiff in Error, v. C. L. ARBUTHNOT, Defendant in Error.

200 So. 703
Division A
Opinion Filed February 25, 1941

*Errol S. Willes,* for Plaintiff in Error;

*Louis O. Gravely,* for Defendant in Error.

BUFORD, J.—In this case plaintiff Arbuthnot sued the defendant, Sullivan, and in his declaration alleged:

"For that the said defendant W. L. Sullivan on the 5th day of January, A. D. 1939, by his promissory notes now over-due promised to pay to the order of the plaintiff $550.00 August 5th after date with interest thereon from date thereof until paid at the rate of 8 per cent per annum payable at LaBelle, Florida; but did not pay the same nor any part of the principal nor interest thereof; that in and

by said promissory notes, the defendant promised and agreed that in case suit should be brought for the collection thereof or if the same were collected by an attorney, to pay a reasonable fee for prosecuting such suit or making such collections; that said notes were not paid at maturity and was thereafter placed in the hands of an attorney at law for collection and suit instituted thereon. Wherefore, plaintiff claims principal and interest and a reasonable attorney's fee.

"To the damages of said plaintiff in the sum of $1,500.00 and therefore he brings suit."

Attached to the declaration were copies of three promissory notes of $100.00 each dated LaBelle, Florida, January 5, 1939, and two notes for $125.00 each likewise dated. One note for $125.00 was due April 5, 1939; the other note for $125.00 was due May 5, 1939, and the other three notes were due June 5, July 5 and August 5, 1939, respectively.

On September 4, 1939, defendant filed motion to dismiss on the ground that plaintiff had failed to file affidavit of good faith as required by Section 2579 R. G. S., 4219 C. G. L., and on the same date defendant filed plea of privilege alleging that defendant was a resident of Martin County, that he was served with summons *ad res* in St. Lucie County and that cause of action accrued in Hendry County. He alleged that the suit was instituted in Hendry County without affidavit of good faith having been filed and that the court was without jurisdiction.

On September 9, 1939, the court entered an order as follows:

"This cause coming on to be heard upon defendant's motion to dismiss the above entitled cause on the ground that the plaintiff failed to comply with Section 4219 C. G. L. of Florida, 1927, and the same having been argued by

attorneys for the respective parties and the court being fully advised in the premises,

"It is therefore, considered, ordered and adjudged that the defendant's motion be and the same is hereby granted and plaintiff shall have 5 days to plead as advised, and the defendant shall have 10 days after service of amendment to plead as advised.

"DONE AND ORDERED in Chambers at Fort Myers, Florida, this 9th day of September, A. D. 1939."

On September 13th plaintiff filed affidavit of good faith required by the provisions of Section 2579 R. G. S., 4219 C. G. L.

Defendant filed motion to strike the affidavit of good faith. On January 2, 1940, the court entered an order denying the motion to strike plaintiff's affidavit of good faith and allowed the defendant fifteen days in which to plead. The defendant filed six pleas. Trial was had on the issues presented by the declaration and pleas, resulting in judgment for the plaintiff.

The plea of privilege amounts to a plea in abatement and not a plea of jurisdiction. Bishop v. Camp, 39 Fla. 517, 22 Sou. 735.

The record shows that the suit was instituted in the county where the cause of action accrued. Therefore, the court had jurisdiction. That part of the statute which provides: "If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the praecipe or bill in chancery, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant" is directory and not jurisdictional. It was entirely proper for the court to require the plaintiff to file affidavit of good faith or else suffer the cause to be dismissed, but when he filed the affidavit of good faith as required by the statute

before the defendant was required to plead, that constituted a substantial compliance with the statute.

Defendant contends here that the judgment should be reversed because the court did not adjudicate attorney's fees. The jury returned a verdict for $550.00 principal, $71.50 interest and $105.00 attorney's fees. The record shows that an attorney testified that a reasonable fee would be $50.00 plus 15 per cent of the amount of recovery up to $500.00, plus 10 per cent of all amounts over $500.00. There was no contradictory testimony. Thus the amount proven as a reasonable attorney's fee was $50.00 plus 15 per cent of $500, which would be $75.00, plus 10 per cent of $121.00, which would be $12.10, making a total of $137.10.

The record shows that the verdict was directed but there is nothing to show what language of the court was in directing the verdict. Therefore, we may assume that the court instructed the jury in regard to the amount which should be allowed for attorney's fees and the judgment was entered by the court for the amounts specified in the verdict.

A consideration of the entire record reveals no reversible error and, therefore, the judgment is affirmed.

So ordered.

Affirmed.

Brown, C. J., Whitfield and Adams, J. J., concur.