M. JOHN DUBOSE v. T. GILBERT HARPE.

(Filed 17 March, 1954.)

**1. Partition § 4a—**

A proceeding for partition of real or personal property is a special proceeding of which the clerk has jurisdiction under procedure in all respects the same as that prescribed by law in special proceedings except as modified by G.S. 46-1.

**2. Same: Partition § 1a: Venue § 2d—**

A proceeding for the partition of personal property is the sole remedy of a tenant in common to obtain possession as against a cotenant, and therefore it is governed by the provisions of G.S. 1-76 (4) making the venue the county in which the property sought to be partitioned is located, and not the county of the residence of the petitioner or respondent.

APPEAL by defendant from *Clement, J.,* at August Term, 1953, of YANCEY.

Special proceeding instituted by petition before Clerk of Superior Court of Yancey County for partition of certain personal property situated in said county and owned by petitioner and defendant as tenants in common.

These facts appear as parts of the record:

1. The petition of petitioner is dated 27 May, 1953, and was filed 2 June, 1953.

2. Summons for defendant was issued 2 June, 1953, and served on 3 June, 1953.

3. Defendant, by petition dated 5 June, 1953, and filed 8 June, 1953, moved before the Clerk of Superior Court of Yancey County for change of venue, as a matter of right, and for convenience of parties and of witnesses, from Superior Court of Yancey County to Superior Court of Buncombe County, for that (1) the proceeding is for partition of personal property; (2) petitioner is a resident of Henderson County and defendant is a resident of Buncombe County; and (3) certain other litigation between the parties relating to the subject matter is pending in Buncombe County, all in the State of North Carolina. To this petition and motion petitioner filed answer denying right of defendant to change of venue.

4. Defendant applied to Clerk of Superior Court of Yancey County on 8 June, 1953, for, and obtained an order allowing him "an additional twenty days in which to file answer, demur or otherwise plead to the petition, or, until and including 3rd day of July, 1953."

5. Defendant, "reserving his rights under his petition and motion for change of venue heretofore filed," entered of record his answer to the petition, in which he pleaded the pendency of a certain civil action in Superior Court of Buncombe County, in bar and abatement of this proceeding.

6. The Clerk of Superior Court, hearing the petition and motion for change of venue, and "being of opinion and finding as a fact" that Yancey County is the proper county in which this proceeding should be tried, denied the motion by an order entered 19 June, 1953.

To this order defendant excepted, and in open court gave notice of appeal to Superior Court at term.

7. The appeal came on for hearing before the judge presiding at the August Term, 1953, of Yancey Superior Court, and the judge, being of opinion that the proceeding is for the recovery of personal property situated in Yancey County, and that Yancey County is the proper venue for the cause of action, entered an order, under date of 18 August, 1953, denying the motion.

Defendant appeals therefrom to Supreme Court, and assigns error.

*M. John DuBose, petitioner, in propria persona.*
*Ward & Bennett for respondent, appellant.*

WINBORNE, J.  This is the question involved on this appeal, as presented by the appellant: "Must a special proceeding for partition of personal property, brought by one tenant in common against his cotenant, be tried in the county in which the petitioner or respondent reside at its commencement?"  The answer is "No."

It is pertinent to note that Chapter 46 of the General Statutes is entitled "Partition," Article 1 of which relates to partition of real property, and Article 4 to the partition of personal property.  It is provided that "Partition under this chapter shall be a special proceeding, and the procedure shall be the same in all respects as prescribed by law in special proceedings, except as modified herein."  G.S. 46-1.  And when the statute expressly declares that a certain thing shall be done by a special proceeding, its character is fixed.  Thus it appears from the statute a proceeding for the partition of real or personal property is a special proceeding by petition filed before the Clerk, with jurisdiction to render such relief as is conferred by the statute.  McIntosh Secs. 96-97, pp. 89, 90 and 91.  In a special proceeding the summons is returned, and the pleadings filed, and the case heard before the Clerk at any time.

And as to venue in partition, it is provided in G.S. 46-2 that "The proceeding for partition, actual or by sale, must be in the county where the land or some part thereof lies . . ."

On the other hand, in reference to "partition of personal property," it is provided in G.S. 46-42 that "When any persons entitled as tenants in common, or joint tenants, of personal property desire to have a division of the same, they, or either of them, may file a petition in the Superior Court for that purpose; and the court, if it think the petitioners entitled

to relief, shall appoint three disinterested commissioners . . . to divide such property . . . among the tenants in common, or joint tenants." While the statute as to venue does not expressly refer to proceeding for partition of personal property, it may be considered *in pari materia* with the provisions of the statute prescribing procedure in such cases. *Clark v. Homes,* 189 N.C. 703, 128 S.E. 20. And it is inconceivable that the General Assembly intended to provide different rules for venue in respect to partition of the two classes of property.

Be that as it may, the General Assembly may have considered, and we hold properly so, that the provisions of the statute G.S. 1-76 (4) is applicable to cases of proceedings for the partition of personal property. It provides that actions for the recovery of personal property where the recovery of the property itself is the sole or primary relief demanded must be tried in the county in which the subject of the action or some part thereof is situated, subject to the power of the court to change the place of trial in cases provided by law.

In this connection, it is said in *Marshburn v. Purifoy,* 222 N.C. 219, 22 S. E. 2d 431: "Decisions of this Court interpretive of the statutory rule are to the effect that where the recovery of personal property is the sole relief demanded, or even the chief, main or primary relief, the other being an incidental part, the county in which the personal property or some part of it is situated is the proper venue," citing *Brown v. Cogdell,* 136 N.C. 32, 48 S.E. 515.

It is a well established principle of law in this State that a tenant in common cannot maintain an action against a cotenant to recover specific personal property. His remedy is partition. *Powell v. Hill,* 64 N.C. 169. See also *Blakely v. Palrick,* 67 N.C. 40; *Ins. Co. v. Davis,* 68 N.C. 17; *Grim v. Wicker,* 80 N.C. 343; *Strauss v. Crawford,* 89 N.C. 149; *Shearin v. Riggsbee,* 97 N.C. 216, 1 S.E. 770. Also compare *Moore v. Eure,* 101 N.C. 11, 7 S.E. 471.

In *Grim v. Wicker, supra, Ashe, J.,* writing for the Court, said: "A petition for the division of personal property, held in common, or a sale for the purpose of division depending upon the nature of the property, is the only remedy one tenant in common has against another for withholding from him the possession."

Thus a special proceeding for the actual partition of personal property has for its sole relief the obtaining possession of the interest of the petitioner therein, by division of the property.

So holding, it is unnecessary to consider the question of waiver of right to ask for removal. See *Teer v. Hitchcock Corp.,* 235 N.C. 741, 71 S.E. 2d 54, and cases cited, including *Garrett v. Bear,* 144 N.C. 23, 56 S.E. 479.

For reasons stated, the judgment below is

Affirmed.