PER CURIAM.
This is an interlocutory appeal in a common law action, seeking reversal of an order denying a motion to dismiss made by the appellants predicated upon alleged improper venue.
The appellee instituted a suit in Dade County on a promissory note executed and payable in Dade County. Both appellants filed motions to dismiss the complaint and incorporated in their motions the ground that Dade County was the improper venue of the action and alleging that Broward County was the proper venue of the action. After the entry of the order appealed, an affidavit was filed in the cause which affirmatively shows that both appellants are residents of Broward County, Florida. *117 This affidavit was not before the trial court.
The appellants urge that the order should be reversed on the assertion that since both appellants are residents of Broward County, Florida, § 46.01, Fla.Stat., F.S.A., would control. This statute provides in substance that if a cause of action is brought in any county where the defendant does not reside, then the plaintiff or someone in his behalf, shall file with the complaint an affidavit that the suit is brought in good faith and without intention to annoy the defendant. Admittedly no such affidavit was filed in this cause although counsel for the appellee announced at the oral argument before this court that it was prepared to do so if this court concluded that the aforesaid statute was applicable.
We affirm the trial judge’s order from which this appeal was taken and point out that the only matters before him at the time he ruled were the appellee’s complaint and the appellants’ motions, none of which affirmatively disclosed that the appellants were residents of Broward County, Florida. It was incumbent upon the appellants to support their motions with affirmative showings that they are residents of a county other than that in which the suit was instituted. Although we affirm the trial judge’s order, we conclude that the affidavit called for in § 46.01, supra, should be filed by the appellee as a condition to the continued prosecution of this action. The Supreme Court of Florida, in Sullivan v. Arbuthnot, 146 Fla. 276, 200 So. 703, concluded that the filing of such an affidavit was directory and not jurisdictional. Consequently, upon a filing of the mandate of this court in the trial court, the appellee should be allowed a reasonable time in which to file an affidavit in compliance with § 46.01, supra.
Accordingly, the order appealed is affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ„ concur.