PER CURIAM.
Plaintiff, Santa Rosa County, filed its complaint in Santa Rosa County praying that defendant Cobb be permanently enjoined from doing any act which would interfere with the public use of a certain public road located in Santa Rosa County.
The service was accomplished on defendant Cobb in Escambia County, and subsequently defendant filed his verified motion to dismiss on the grounds of failure of plaintiff to file an affidavit of good faith as required by F.S. § 46.01, F.S.A.,[1] setting out in said motion that his residence was in Escambia County, Florida. The trial court denied the motion to dismiss and did not require plaintiff to file an affidavit of good faith. From this order defendant Cobb brought this interlocutory appeal.
The landmark case construing this statute is Bailey v. Crum[2] which discusses the statute in full and traces its development. Other decisions bearing upon this subject are found in Sullivan v. Arbuthnot,[3] Peterson v. Kirk,[4] and Superior Electric Industries, Inc. v. Franklin Acceptance Corporation.[5] The net effect of the decisions construing this statute is that the affidavit of good faith, unless waived by a defendant who is a natural person, must be filed as a prerequisite to the continuance of a suit against such defendant in a county other than that of his residence.
Therefore, the order appealed is set aside and the trial court is directed to enter an order requiring the plaintiff to file *601 the good faith affidavit within a short day to he fixed by the court, failing which the complaint to stand finally dismissed.
CARROLL, DONALD K., Chief Judge, STURGIS and RAWLS, JJ., concur.

. F.S. § 46.01, F.S.A.: “Suits shall be begun only in the county * * * where the defendant resides, or where the cause of action accrued, or where the property in litigation is located. * * * If brought in any county or justice district where the defendant does not reside, the plaintiff, or some person in his behalf, shall make and file with the complaint, an affidavit that the suit is brought in good faith, and with no intention to annoy the defendant. * * * ”

. Bailey v. Crum, 120 Fla. 36, 162 So. 356 (Fla.1935).

. Sullivan v. Arbuthnot, 146 Fla. 276, 200 So. 703 (1941).

. Peterson v. Kirk, 103 So.2d 656 (Fla.App.2d, 1958).

. Superior Elec. Industries, Inc. v. Franklin Acceptance Corp., 130 So.2d 116 (Fla.App.3d, 1961).