ALLEN, Judge.
Appellants, plaintiffs below, appeal an Order of Transfer Granting Defendants’ Motion to Dismiss. The motion and order were predicated on improper venue.
Plaintiff-appellants filed their complaint to foreclose chattel mortgage in the Circuit Court of Broward County. The named defendants (appellees) were four Florida •corporations having or claiming an interest in the property subject to the mortgage. Each corporation has its principal place •of business in Dade County, Florida.
Appellants are assignees of a promissory note and chattel mortgage wherein a $15,000 note was secured by “all furniture, furnishings, fixtures and equipment” on the premises of “Skateland” located in Miami, Dade County, Florida. The note was payable in $350 monthly installments due and payable at Hollywood, Broward County, Florida. Appellants alleged default and, as noted, sought to foreclose the mortgage.
Counsel for two of the defendant corporations moved to dismiss the complaint, alleging “improper venue” as one of the grounds for the motion. Upon hearing, the court determined that the claim was “local in nature such that the proper venue * * * lays in Dade County,” and entered an order transferring the cause to the Circuit Court for Dade County. The validity of the finding and consequent order is the subject matter of this interlocutory appeal.
Fla.Stat. § 46.04, F.S.A., the applicable venue statute, affords the defendant the privilege of being sued in only three forums, the county of its residence, the county where the cause of action accrued, or the county where the property in litigation is located. Conversely, the statute affords the plaintiff the right to sue in any of these forums subject, however, to the limitations imposed by other statutes and by common law rules. City of St. Petersburg v. Earle, Fla.App.1959, 109 So.2d 388, cert. denied Fla., 113 So.2d 230.
The instant cause of action, • an action on a secured promissory note payable in Broward County, accrued in Broward County. See Croker v. Powell, Fla.1934, 115 Fla. 733, 156 So. 146; Sullivan v. Arbuthnot, Fla.1941, 146 Fla. 276, 200 So. 703. Cf. State ex rel. Teaque v. Harrison, Fla.1939, 138 Fla. 874, 190 So. 483 (recognizing statutory exception with respect to unsecured notes). Accordingly, the plaintiff could sue in Broward County unless, as the trial court found, the action was local in nature.
An examination of contemporary authority indicates unanimity of opinion and decision that an action to foreclose a chattel *14 mortgage is transitory and not local. 92 C.J.S. Venue § 146 (1955); 56 Am.Jur., Venue § 21 (1945).
In 3 Jones, Chattel Mortgages and Conditional Sales, § 782 (1933), the author says:
“A suit to foreclose a chattel mortgage should be brought in a court having jurisdiction of the defendant. It is a transitory and not a local action, and it is immaterial where the property may be.”
The only case in Florida remotely on point, Tyler v. Toph, Fla. 1906, 51 Fla. 597, 40 So. 624, does not contradict the general rule alluded to above.
In view of the foregoing, we conclude that the trial court erred in finding the foreclosure action to be local. His order transferring the cause is reversed and the cause remanded for further proceeding in the Circuit Court of Broward County.
KANNER, Acting C. J., and SMITH, J., concur.