PEARSON, Judge.
This is an interlocutory appeal from an order denying appellant’s motion to dismiss or transfer the action for improper venue. The appellees filed a suit in the Dade County Circuit Court seeking a court ordered partition and sale of the breeder stallion “Boldnesian”. The stallion is owned by “syndication” and the appellees are shareholders. The complaint alleged irreconcilable differences among the owners and urged partition as a solution of the problem.
The controlling, and we think question of first impression in this state, is whether an action for the partition of personal property is a local or transitory action. The appellees’ motion to transfer is supported by the argument that F.S.A. § 64.091 provides :
“The law applicable to partition and sale for partition of real estate are applicable to the partition and sale for partition of personal property, and the proceedings therefor, aj far as the nature of the property permits.” (emphasis supplied)
It is further pointed out that F.S.A. § 64.-022 provides that: “Partition shall be brought in any county where the lands or any part thereof lie which are the subject matter of the action.”
Thus the question is simply an application of the statutes. Partition of personal property was not known at common law. See Black v. Sylvania Producing Co., 105 Ohio St. 346, 137 N.E. 904 (1922); and 68 C.J.S. Partition § 1. It was made a part of the law of Florida by the passage in 1892 of the provision which is now carried forward by F.S.A. § 64.091; the provision was amended in 1906 to include the italicized words quoted above. Since the legislature provides that the law applicable to the partition of real estate should be applied “as far as the nature of the property permits,” the venue provision should be applied unless the nature of the property (the stallion) does not permit the application of the venue provision.
The appellees point out that actions relating to real property are local but that actions relating to personal property are transitory. See Lucco v. Roller Corp., Fla.App.1963, 151 So.2d 12; also see Hagen v. Viney, 124 Fla. 747, 169 So. 391 (1936). They urge that the nature of the property thus is provided for by the legislature and the distinction recognized.
The appellees have provided us with many reasons why the venue provision ought not to be applied but no reason why the nature of the property does not permit *731 the application of the venue provision. We can think of none, and therefore we think it should be applied. Cf. Dubose v. Harpe, 239 N.C. 672, 80 S.E.2d 454 (1954).
Having held that the order appealed must be reversed, we do not reach appellant’s second point which urges the application of forum non conveniens. See F.S.A. § 47.122. The order denying appellant’s motion to transfer the cause to Marion County, Florida is reversed and the cause is remanded with directions to enter an order pursuant to appellant’s motion.
Reversed and remanded.