MARY B. HALL v. QUEEN CITY COACH COMPANY AND GREENSBORO-FAYETTEVILLE BUS LINE, INCORPORATED, AND I. F. CHANDLER AND L. H. McNEILL.

(Filed 13 December, 1944.)

**1. Injunctions § 11: Judgments § 17a: Appeal and Error § 37e—**

Where the court below was not dealing with the final issue, but merely with the question whether a temporary restraining order should be continued to the hearing, and the court was not requested to find the facts in writing and did not do so, under our practice this Court will presume that, for the purpose of the order made, the court found facts sufficient to support it.

**2. Pleadings § 15: Appeal and Error § 5—**

Demurrer, *ore tenus,* to the complaint as not stating a cause of action, may be made and disposed of in this Court.

APPEAL by plaintiff from *Gwyn, J.,* at Chambers in Laurinburg, N. C., 1 May, 1944. From MOORE.

The plaintiff brought this action in behalf of herself and others like situated to permanently enjoin the defendants from the maintenance of a nuisance in the operation of a bus station in the town of Southern Pines, and obtained a temporary restraining order, with notice to defendants to show cause. The matter was heard before his Honor, Allen H. Gwyn, judge presiding, at Laurinburg, North Carolina, on 1 May, 1944, and, with certain modifications, the temporary restraining order was dissolved and the cause retained for final hearing.

Upon the hearing the plaintiff presented her evidence, including affidavits in support of her contention that a public nuisance, of a serious nature and injurious to her, was being maintained on defendants' prem-

ises. The defendants introduced their answers in general denial, together with other affidavits relating to the subject.

The judge was not requested to make any findings· of fact for the record, and did not do so.

From the order dissolving the restraining order, the plaintiff appealed.

*U. L. Spence for plaintiff, appellant.*

*W. E. Smith, K. J. Kindley, John M. Robinson, and Hunter M. Jones for defendants, Queen City Coach Company and Greensboro-Fayetteville Bus Line, Inc.; W. Duncan Matthews for defendant, L. H. McNeill; H. F. Seawell, Jr., for defendant, I. F. Chandler, appellees.*

SEAWELL, J. The court below was not dealing with the final issue, but merely with the question whether the temporary restraining order should be continued to the hearing. As the judge was not requested to find the facts in writing, and did not do so, under our practice it will be presumed that, for the purpose of his order, he found facts sufficient to support it. Therefore, we are unable to find grounds for reversal.

However, in this Court, counsel for I. F. Chandler demurred, *ore tenus,* to the complaint as not stating a cause of. action against him. Upon examination of the pleadings, we are of the opinion· that the demurrer should be sustained, and it is so ordered. The action as to Chandler is dismissed.

Except as thus modified, the judgment is

Affirmed.