NATIONAL SURETY CORPORATION v. VAN B. SHARPE AND LOUISE R. SHARPE, TRADING AND DOING BUSINESS AS CARTHAGE WEAVING CO.

(Filed 23 May, 1951.)

1. Partnership § 14—

Where the debts of a partnership are in excess of its assets, the receiver may be ordered to take possession of property belonging to the partners individually, including certificates of stock in a corporation controlled by them but not the physical property of the corporation, with the partners' right to homestead and personal property exemptions to be determined in due time and in an orderly manner in the receivership proceedings.

2. Appeal and Error § 6c (3)—

Where the sole exception is to the entering and signing of the order appealed from, it will be presumed that the court found facts sufficient to support its judgment and the judgment will be affirmed when it is regular in form and no error is made to appear on the face of the record.

APPEAL by defendants from *Clement, J.,* January Term, 1951, MOORE. Modified and affirmed.

Proceeding in receivership.

The partnership property is now in the possession of W. Lamont Brown, duly appointed receiver. The receivership property was ordered sold and creditors were restrained from pursuing their claims other than through the receiver. *Surety Corp. v. Sharpe, ante,* 83. The plaintiff moved the court that the receiver be ordered and directed to take into his possession and administer the property of the individual partners. *Phillips, J.,* allowed the motion and issued an order restraining the defendants from selling any of the property of the Moore Central Railroad Company, of which they are the principal stockholders, and set the rule to show cause for hearing 13 January 1951. The hearing on the rule was continued to be heard before *Clement, J.,* at the January Criminal Term of Moore County Superior Court. When the cause came on to be heard, the court entered its order directing the receiver to take into his possession "all of the property of the defendants, both individually and as partners, which has not heretofore been taken into his possession . . ." The right of creditors to a marshalling of the assets was expressly reserved.

Defendants excepted to the order entered and appealed.

*John M. Spratt and Carroll & Steele for appellee York Mills, Inc.*
*Seawell & Seawell for defendant appellants.*

BARNHILL, J. The order entered in effect extended the receivership to include the property belonging to the defendants individually. It was made to appear that the debts of the partnership alone are many times in excess of the value of the partnership property. The only exception in the record is to the "entering and signing order dated January 24, 1951." It is presumed that the court found facts sufficient to support his order. *Hall v. Coach Co.,* 224 N.C. 781, 32 S.E. 2d 325; *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82. The judgment is regular in form and no error is made to appear on the face of the record. *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22.

However, the record does leave in doubt whether the order directs the receiver to receive and take into his possession the physical property of Moore Central Railroad. The receiver is entitled to the certificates of stock held by defendants or which have been wrongfully conveyed by them to defeat the rights of creditors, but not to the physical property and assets of the corporation. Let the order be so modified.

The right of the defendants to homestead and personal property exemptions is not precluded by the order. This and other questions defendants

sought to debate on this appeal will be heard and decided in due time and in an orderly manner.

The order entered, as herein modified, is affirmed.

Modified. and affirmed.