### HORTENSE P. BOND v. CHARLES BOND.

(Filed 11 June, 1952.)

**1. Appeal and Error § 6c (2)—**

An exception to the judgment presents only the questions whether the facts found support the judgment and whether any error of law appears upon the face of the record.

**2. Divorce and Alimony § 12—**

Upon the hearing of plaintiff's motion for alimony and counsel fees *pendente lite* in her suit for subsistence without divorce, G.S. 50-16, the finding of the court that defendant had obtained a valid decree of absolute divorce in another state supports a denial of the motion for alimony *pendente lite,* but it is error for the court also to dismiss the action, since the cause was not before the court on final hearing on the merits and the court was without jurisdiction to dismiss it.

APPEAL by plaintiff from *Williams, J.,* October Term, 1951, ORANGE. Modified and affirmed.

Civil action for alimony without divorce and to recover the value of certain personal property, heard on motion for alimony and counsel fees *pendente lite.*

Plaintiff alleges a cause of action for subsistence without divorce under G.S. 50-16 and also for the recovery of the value of certain personal property belonging to plaintiff and appropriated by defendant to his own use. She prays an order for alimony without divorce and for judgment for the value of said personal property.

Defendant, answering, enters certain denials, pleads certain defenses, and specifically pleads a decree of divorce entered in the Circuit Court of Volusia County, Florida, a court of competent jurisdiction.

The cause came on for hearing in the court below on plaintiff's motion for alimony and counsel fees *pendente lite.* After hearing the motion on affidavits, the court below found as a fact that defendant is a resident of the State of Florida and that he obtained a valid decree of divorce in that State 1 September 1949. It thereupon concluded that "defendant's plea in bar of the plaintiff's right to proceed in this action should be sustained" and entered judgment dismissing the action at the cost of the plaintiff.

*L. J. Phipps for plaintiff appellant.*
*Paul B. Edmundson, John S. Peacock, and Bonner D. Sawyer for defendant appellee.*

BARNHILL, J. The exception to the judgment entered presents for decision only two questions: (1) Do the facts found support the judgment, and (2) does any error of law appear upon the face of the record? *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609; *Simmons v. Lee,* 230 N.C. 216, 53 S.E. 2d 79, and cases cited; *Surety Corp. v. Sharpe,* 233 N.C. 642, 65 S.E. 2d 138; *S. v. Raynor, ante,* p. 184.

Upon the findings made, the court correctly denied the motion for alimony *pendente lite.* But the cause was before the court for hearing of that motion only. It is so recited in the judgment. "It was not before the court on final hearing on the merits. Hence the court was without jurisdiction to dismiss the action . . ." *Briggs v. Briggs,* 234 N.C. 450.

The judgment entered must be modified so as to limit it to a denial of alimony *pendente lite,* and the cause must be reinstated on the docket for trial. As so modified, the judgment is affirmed.

Modified and affirmed.