JOHN M. COULBOURN v. MARY LOUIS ARMSTRONG.

(Filed 21 March, 1956.)

**1. Appeal and Error § 21—**

An exception to the judgment presents the question whether any error appears on the face of the record, including whether the facts found and admitted are sufficient to support the judgment.

**2. Trial § 36—**

It is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings. G.S. 1-200. This rule applies to new matter alleged in the answer.

**3. Trial § 39—**

A verdict should be certain and import a definite meaning free from ambiguity and be sufficient in form and substance to support a judgment which is definite in terms and capable of execution. G.S. 1-200.

**4. Detinue § 2—**

In an action for possession of personal property, verdicts that plaintiff is the owner and entitled to possession of such articles of personal property "set out in the complaint as are now in the possession of defendant," are too vague, uncertain, and ambiguous to support a judgment.

**5. Same—**

In an action to recover possession of personalty, defendant's denial of the allegation that she is in the wrongful possession raises an issue for the jury, since even though plaintiff be owner of the property, it does not follow that defendant is in the wrongful possession thereof.

**6. Husband and Wife § 12d (4)—**

Where, in the husband's action for possession of certain articles of personalty, the wife testifies that certain items of the property was conveyed to her by separation agreement duly executed by the parties, and denies the husband's allegation that the parties became reconciled after the execution of the agreement, an issue of fact is raised for the determination of the jury.

**7. Sales § 11—**

In the husband's action to recover possession of certain items of personalty, the wife alleged that he had executed a bill of sale to her for certain of the items and testified that he had surreptitiously removed the bill of sale from her lock box and destroyed same, and offered in evidence what she testified was a duplicate original signed by him. The husband denied that he had signed the original of the copy produced by the wife. *Held:* An issue of fact was raised for the jury.

**8. Tenants in Common § 4—**

One tenant in common may not maintain an action against a cotenant to recover possession of specific personal property. The remedy is by action for partition or for sale for partition.

**9. Property § 4—**

In an action to recover possession of specific items of personalty the question of the value of the personalty does not arise until plaintiff has recovered judgment and the property is not recovered upon execution or is recovered in a damaged condition.

APPEAL by defendant from *Parker (Joseph W.), J.,* August Term 1955, BERTIE.

Civil action to recover possession of personal property.

Plaintiff and defendant were husband and wife. They separated and thereafter he procured a divorce in the State of Pennsylvania.

Plaintiff alleges in paragraph 5 of his complaint that he is the owner and entitled to possession of various articles of household furniture, bric-a-brac, and other personal property usually kept in a home. He alleges and testifies that a large number of these articles are antiques and heirlooms which have been in the possession of his family for many years. He alleges in paragraph 6 of his complaint that he is the owner of certain other articles of personal property listed therein which were stored in a warehouse in Windsor and removed therefrom by, and are now in the possession of, the defendant. In paragraph 7 he alleged that his mother devised to him and the defendant as man and wife

certain articles of jewelry and other personal property listed therein which, by virtue of the decree of divorce, are now owned by plaintiff and defendant as co-owners. He alleges that the total value of the articles described in the complaint is $10,000. He further alleges that all of the described items of personal property are now wrongfully detained by the defendant.

In paragraph 3 of his complaint he alleges that he and the defendant entered into a separation agreement in 1952, which agreement is duly recorded in Bertie County, and that thereafter there was a reconciliation between him and the defendant, and they lived together as man and wife for about ten days when they again separated.

In her answer defendant denies that the plaintiff is the owner and entitled to the possession of any part of the property described in paragraphs 5, 6, and 7 of plaintiff's complaint. She further alleges that she and plaintiff were owners as tenants in common of the property described in paragraph 7 but that plaintiff gave to her, while they were living together, that and a part of the other property described in the complaint. She further admits the deed of separation but denies any reconciliation thereafter and alleges affirmatively that the remainder of the property was conveyed to her in the contract of separation, and that the property plaintiff seeks to recover is "her sole and separate property."

The issues submitted to the jury are in part as follows:

"1. Is the plaintiff the owner of and entitled to the possession *of such articles of personal property* set out in paragraph 5 of the Complaint *as are now in the possession of the defendant?*" (Italics supplied.)

"3. Is the plaintiff the owner of and entitled to the possession *of such articles of personal property* set out in paragraph 6 of the Complaint *as are now in the possession of the defendant?*" (Italics supplied.)

"5. Is the plaintiff the owner of and entitled to a one-half undivided interest *in such articles of personal property* set out in paragraph 7 of the Complaint *as are now in the possession of the defendant?*" (Italics supplied.)

Issues 2, 4, and 6 relate to the value of the property. The jury answered issues 1, 3, and 5 "yes" and judgment was entered "that the plaintiff is the owner of and entitled to recover of the defendant the immediate possession of such articles of personal property set out in paragraph five and paragraph six of the Complaint, as are now in the possession of the defendant, and that plaintiff is the owner of and entitled to a one-half undivided interest in such articles of personal property set out in paragraph seven of the Complaint as are now in the possession of the defendant." It was further adjudged that if immediate possession of such property cannot be had, then that the plaintiff

recover the value thereof as assessed by the jury. Defendant excepted and appealed.

*Herbert B. Edens, Stuart A. Curtis, and Gerald F. White for plaintiff appellee.*

*Pritchett & Cooke for defendant appellant.*

BARNHILL, C. J. The defendant excepts to the judgment entered and assigns the same as error. This and related assignments of error must be sustained.

An exception to a judgment raises the question whether any error appears on the face of the record. *Surety Corp. v. Sharpe,* 233 N.C. 642, 65 S.E. 2d 138; *Rader v. Coach Co.,* 225 N.C. 537, 35 S.E. 2d 609. This includes the question whether the facts found and admitted are sufficient to support the judgment. *Roach v. Pritchett,* 228 N.C. 747, 47 S.E. 2d 20, and cases cited.

It is the duty of the judge, either of his own motion or at the suggestion of counsel, to submit such issues as are necessary to settle the material controversies arising on the pleadings, and they, together with the answers thereto, must be sufficient to support a judgment disposing of the whole case. G.S. 1-200; *Griffin v. Insurance Co.,* 225 N.C. 684, 36 S.E. 2d 225, and cases cited; *Carland v. Allison,* 221 N.C. 120, 19 S.E. 2d 245; *Cathey v. Shope,* 238 N.C. 345, 78 S.E. 2d 135; *Wheeler v. Wheeler,* 239 N.C. 646, 80 S.E. 2d 755.

This rule applies to new matter alleged in the answer. *Griffin v. Insurance Co., supra,* and cases cited.

Furthermore, a verdict should be certain and import a definite meaning free from ambiguity and sufficient in form and substance to support a judgment which is definite in terms and capable of execution. G.S. 1-200; *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320; *Edge v. Feldspar Corp.,* 212 N.C. 246, 193 S.E. 2.

When the verdicts on the first, third, and fifth issues are considered in the light of these requirements, it is quite apparent that they are too vague, uncertain, and ambiguous to support a valid and enforceable judgment. It is equally clear that the judgment entered is so indefinite and uncertain that it will not support an enforceable execution. The facts which gave rise to the controversy between the parties are as undetermined and unsettled as they were before any verdict had been rendered except as to the fact defendant has in her possession some article or articles of personal property—uncertain in number and kind—described in the complaint and claimed by the plaintiff.

Plaintiff alleges that the property described in the complaint is wrongfully detained by the defendant. This the defendant denies.

*Non constat* the plaintiff is the owner of the property as alleged, it does not necessarily follow that the defendant is in the wrongful possession thereof. Yet there was no issue submitted to the jury in respect thereto and the jury has not found that the defendant is in the wrongful possession of any part of the property in controversy.

Likewise, plaintiff alleges that on 2 December 1952 he and the defendant entered into a separation agreement which is duly recorded in the Bertie County Registry, but that on 18 December 1952 they became reconciled and lived together as man and wife for about ten days. The defendant admits the separation agreement, but denies that she and plaintiff ever were thereafter reconciled or lived together as man and wife, and she testified that the property in controversy was conveyed to her in the separation agreement. These allegations and this evidence raise a serious issue as to the right of the plaintiff to recover herein. Yet no issue was submitted in respect thereto.

Furthermore, the defendant in her answer alleges that the plaintiff executed a bill of sale to her for the first twenty items and the last three items listed in section 5 of the complaint, and she testified that the plaintiff thereafter procured the keys to her lock box, surreptitiously removed the bill of sale and wrongfully destroyed the same. She produced what she testified was a copy or duplicate original of the bill of sale signed by the plaintiff. The plaintiff admitted that he signed a paper writing other than the separation agreement but positively denied that it was the original of the copy produced by the defendant. No issue was submitted to settle this part of the controversy.

It is well for us to note here that this action may not be maintained in any event as to the property described in paragraph 7 of the complaint. One cotenant is as much entitled to the possession of the common property as the other, and the law will not take from the one so as to give the other property owned in common. The proper remedy is by a special proceeding to divide or to sell for division. "It is the well established principle of law in this State that a tenant in common cannot maintain an action against a cotenant to recover specific personal property. His remedy is partition. (Authorities cited.)" *Winborne, J.*, in *Dubose v. Harpe*, 239 N.C. 672, 80 S.E. 2d 454.

While we do not care to attempt to chart the course of a retrial of this cause, it is not amiss to call attention to the fact that this action is purely possessory in nature. The question of value has not arisen and will not arise until after plaintiff has recovered judgment and issued execution thereon. Should the property recovered by him be returned in a damaged condition or if the sheriff should fail to find the property or some part thereof for which plaintiff had recovered judgment, then the question of the amount of damages to the property returned and

the value of the property not seized will arise.  The cause should be retained for that purpose.

In short, the verdict rendered is so ambiguous and inconclusive it will not support a valid judgment, and the judgment entered thereon will not support a valid execution.  Therefore, it is necessary for us to vacate the verdict and judgment and order a

New trial.