WILLIE GENE GADSON v. MARY BLACK TONEY

No. 8321DC918

(Filed 19 June 1984)

**Trover and Conversion § 2— claim for conversion—summary judgment for defend-
ant inappropriate**

> In a civil action where plaintiff sought to recover the sum of $7,000 which defendant allegedly wrongfully converted to her own use, the trial court erred in granting summary judgment for defendant where the evidence, considered in the light most favorable to the plaintiff, was sufficient to raise an inference that plaintiff was the owner of money in a joint account and that defendant wrongfully assumed and exercised the right of ownership over that property to the exclusion of plaintiff's rights as owner.

APPEAL by defendant from *Alexander, Judge.* Order entered 14 April 1983 in District Court, FORSYTH County. Heard in the Court of Appeals 4 June 1984.

This is a civil action wherein plaintiff seeks to recover the sum of $7,000.00 which defendant allegedly wrongfully converted to her own use. Evidence introduced by plaintiff at trial tended to show the following:

Some time prior to 8 July 1982 plaintiff obtained the sum of $17,500.00 in settlement of a claim arising out of an automobile accident. Following payment of medical bills, legal fees, and other expenses, approximately $7,700.00 remained. Plaintiff's attorney, Mr. Mark Rabil, testified that he was concerned for a number of reasons about plaintiff's ability "to deal with" such a large sum of money. Defendant, who owns and operates a boarding house in which plaintiff lived, was known to and trusted by both plaintiff and Mr. Rabil, and Mr. Rabil thus suggested that plaintiff sign a power of attorney in favor of defendant "to be sure that there would be somebody there to help [plaintiff] distribute the money." On 26 June 1982 plaintiff executed a power of attorney in favor of defendant, which was subsequently recorded. On 8 July 1982 Mr. Rabil gave plaintiff a check for $7,701.57, made out to plaintiff on the trust account of Mr. Rabil. Plaintiff and defendant then went together to the Wachovia Bank & Trust Company, where they opened a joint passbook savings account into which plaintiff deposited his check. No other funds were deposited into the account. Defendant has at all times since had possession of the passbook.

Plaintiff attempted to withdraw money from the account soon after depositing the check made out to him by Mr. Rabil, but was unable to do so because he did not have possession of the passbook, and repeated requests to defendant for the passbook were refused. Approximately one week after opening the account plaintiff learned that all of the money in the account had been withdrawn. Mr. Rabil testified that defendant called him "about ten days after the money was disbursed," that she "sounded frightened," and that she claimed someone had stolen her pocketbook which contained all of the funds withdrawn from the account.

At the close of plaintiff's evidence the court granted defendant's motion for a directed verdict. Plaintiff appealed.

*Habegger & Johnson, by Julia Hines Turner, for plaintiff, appellant.*

*No counsel contra.*

HEDRICK, Judge.

"In this state, conversion is defined as 'an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights.'" *Spinks v. Taylor*, 303 N.C. 256, 264, 278 S.E. 2d 501, 506 (1981) (quoting *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E. 2d 351, 353 (1956)). To recover on a claim for conversion, plaintiff must prove both ownership in himself and the wrongful possession or conversion of the property by the defendant. *Coulbourn v. Armstrong*, 243 N.C. 663, 91 S.E. 2d 912 (1956). Summary judgment is inappropriately granted when the evidence raises a genuine issue as to whether defendant's possession of plaintiff's property is authorized or wrongful. *Burns v. McElroy*, 57 N.C. App. 299, 291 S.E. 2d 278 (1982).

In the instant case there is evidence tending to show that defendant had authority to withdraw plaintiff's money from the account. The account was a joint account, as evidenced by the signature card and passbook, and plaintiff had given defendant a power of attorney. Nevertheless, this evidence is not sufficient to establish as a matter of law defendant's right to the sums deposited by plaintiff. When the evidence is considered in the light most favorable to the plaintiff, it is sufficient to raise an inference that plaintiff was the owner of the money in the joint account and that defendant wrongfully assumed and exercised the right of ownership over that property to the exclusion of plaintiff's rights as owner.

For the foregoing reasons, the judgment directing a verdict for defendant will be reversed and the cause remanded to the District Court for a new trial.

Reversed and remanded.

Chief Judge VAUGHN and Judge WELLS concur.