GARY MYERS v. CATOE CONSTRUCTION COMPANY AND ROBERT F. CATOE, SR.

No. 8526SC1158

(Filed 20 May 1986)

1. **Estoppel § 4.1— breach of contract by plaintiff—recovery not barred as matter of law**

   There was no merit to defendants' contention that, because there was un-contradicted evidence showing that plaintiff breached the parties' contract, plaintiff was precluded from recovering as a matter of law, since plaintiff's testimony that he met his contractual obligations was sufficient to withstand a motion for directed verdict; furthermore, performance of all contractual obligations is not always required before a party may sue for breach of contract.

2. **Trover and Conversion § 2— conversion of automobile—directed verdict improper**

   The trial court erred in granting plaintiff's motion for directed verdict on defendants' counterclaim for conversion of defendant construction company's automobile where the evidence tended to show that plaintiff's initial possession of the vehicle was not wrongful; plaintiff retained possession of the vehicle after he stopped working for defendant company; and plaintiff did not return the vehicle after the individual defendant wrote plaintiff a letter requesting that plaintiff return it.

3. **Contracts § 29— damages verdict unsupported by evidence—denial of new trial improper**

   Where the parties agreed to transfer one-half of certain improved property in exchange for approximately $7,000 worth of stock in defendant construction company, and other evidence supported a higher valuation but no evidence supported a lower valuation, the jury's verdict awarding defendants only $1.00 for the one-half interest in the property was unsupported by the evidence, and the trial court therefore erred in denying defendants' motion for a new trial.

APPEAL by defendants from *Snepp, Judge.* Judgment entered 28 May 1985 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 12 May 1986.

This is a civil action wherein plaintiff, Gary Myers, seeks compensation for breach of contract from defendants Robert F. Catoe, Sr. and Catoe Construction Company. Mr. Catoe, sole shareholder in Catoe Construction Company, entered into the following contract with plaintiff on 20 January 1981:

> Robert F. Catoe, President of Catoe Construction Company, Inc. does hereby agree to sell 40% of Catoe's shares to Gary

Myers, including a 1967 Dodge dump truck, a 1969 Chevrolet Dump truck, a 1972 1/2 ton pickup, a 1978 Chevrolet El Camino, and the contents of the office and storage, desks, chairs, safe, typewriter, filing cabinets, cabinets, one wall clock, c.b. radio and equipment job heater, generator, and ramset gun, miscellaneous tile, odds and ends of doors, windows, a three piece stove unit, hood and vent, etc. Effective March 1st, 1981, price to be $25,000.00. Two trailers and two leased lots in South Carolina on the coast, giving credit of $21,000.00 balance will be paid 10% above any profit that the company makes based on 40% of the profit. Gary Myers shall be promoted to Vice President and secretary. Gary Myers salary will be based on $250.00 per week for 52 weeks. Catoe Construction Company, Inc. agrees to buy a 1977 El Camino to be put into the company as company use by Gary Myers. The price shall be bought at a fair market price.

The parties later modified the contract. Under the modification, Mr. Catoe agreed to accept one-half interest in one of the two trailers and lots instead of full ownership on the condition that plaintiff make certain improvements on the trailer and lot.

At trial, plaintiff presented evidence tending to show the following: Plaintiff delivered title to both trailers, one of the lots and the El Camino to Mr. Catoe. Plaintiff worked for Catoe Construction Company until Mr. Catoe refused to transfer the stock and fired plaintiff. Plaintiff ceased using the company's El Camino after being fired. Plaintiff testified that Mr. Catoe must have "lost" the transfer documents to the second leased lot and mobile home. Plaintiff admitted that after he was fired, he sold his interest in the second lot and mobile home to a third party. Plaintiff stated that he quit driving the company's El Camino after he was fired and informed Mr. Catoe that he could retrieve the vehicle at plaintiff's residence.

Defendants presented evidence tending to show the following: Plaintiff delivered the documents to the El Camino, one lot and one trailer but never delivered documents covering the second lot and trailer. After he stopped working for Catoe Construction Company, plaintiff retained company's El Camino and $600 paid by Mrs. Brown for work done by Catoe Construction Company.

The trial judge dismissed defendants' counterclaim for conversion of the El Camino at the close of all the evidence. The jury answered the special verdict form as follows:

1. Did the defendants breach their agreement with the plaintiff of January 20, 1981, as modified?

ANSWER: YES.

2. Did the plaintiff breach his agreement with defendants of January 20, 1981, as modified?

ANSWER: YES.

3. What amount, if any, is the plaintiff entitled to recover of defendants as damages for breach of said agreement

(a) For value of the stock?

ANSWER: $14,000.00.

(b) For unpaid salary?

ANSWER: $1.00.

4. What amounts, if any, are the defendants entitled to recover of the plaintiff for the breach of said agreement,

(a) For 1/2 the fair market value of the property as improved?

ANSWER: $1.00.

(b) For expenses, if any, of the renovations which were paid by the defendants?

ANSWER: $3,000.00.

5. What amount, if any, are the defendants entitled to recover of the plaintiff on their counterclaim with respect to the Brown job?

ANSWER: $425.00.

From a judgment ordering defendants to pay plaintiff $10,575.00, defendants appealed.

*William D. McNaull, Jr., for plaintiff, appellee.*

*Winfred R. Erwin, Jr., for defendants, appellants.*

HEDRICK, Chief Judge.

[1] By their first assignment of error, defendants contend that the trial court erred in failing to grant their motion for directed verdict at the close of all the evidence. Defendants argue that because there is uncontradicted evidence showing plaintiff breached the contract, plaintiff is precluded from recovering as a matter of law.

When considering a defendant's motion for directed verdict, the plaintiff's evidence must be taken as true and be considered in the light most favorable to him. A directed verdict may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Hawks v. Brindle*, 51 N.C. App. 19, 275 S.E. 2d 277 (1981). Plaintiff testified that he met his contractual obligations. This evidence is sufficient to withstand a motion for directed verdict. Furthermore, performance of all contractual obligations is not always required before a party may sue for breach of contract. *McAden v. Craig*, 222 N.C. 497, 24 S.E. 2d 1 (1943). Defendants' first assignment of error is without merit.

[2] Defendants next contend that the trial court erred in granting plaintiff's motion for directed verdict on defendants' counterclaim for conversion of Catoe Construction Company's El Camino. When considering a motion for directed verdict, the non-moving party's evidence must be taken as true and be considered in the light most favorable to him and a directed verdict may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the non-moving party. *Dickenson v. Pake*, 284 N.C. 576, 201 S.E. 2d 897 (1974). If the evidence is of such character that reasonable people may form divergent opinions of its import, the issue is for the jury. *Insurance Co. v. Cleaners*, 285 N.C. 583, 206 S.E. 2d 210 (1974).

In North Carolina, conversion is defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights. *See e.g. Gadson v. Toney*, 69 N.C. App. 244, 316 S.E. 2d 320 (1984). "Where there has been no wrongful taking or disposal of the goods, and the defendant has merely come rightfully into possession and then refused to surrender them, demand and refusal are necessary to the existence of the tort." *Hoch v. Young*, 63 N.C. App. 480, 483, 305

S.E. 2d 201, 203 (1983) (quoting W. Prosser, *The Law of Torts* Sec. 15 (4th ed. 1971)).

In the instant case, there is evidence tending to show that Mr. Myers' initial possession of the El Camino was not wrongful, that Mr. Myers retained possession of Catoe Construction Company's El Camino after he stopped working for Catoe Construction, and that Mr. Myers did not return the El Camino after Mr. Catoe wrote Myers a letter requesting Myers return the vehicle. This evidence presented at trial is sufficient to withstand directed verdict. Directed verdict for plaintiff on defendants' conversion counterclaim must be reversed.

[3] Defendants also contend that the trial court committed reversible error by denying their motion for a new trial. Defendants argue that the portion of the verdict appraising the value of one-half of the improved beach property at one dollar was unsupported by the evidence. We agree. The parties agreed to transfer one-half the improved property in exchange for approximately $7,000 worth of stock in Catoe Construction Company. Other evidence supported a higher valuation but no evidence supported a lower valuation. The jury's verdict was unsupported by the evidence and therefore the trial court erred in denying defendants' motion for a new trial. *See Robertson v. Stanley*, 285 N.C. 561, 206 S.E. 2d 190 (1974).

A court granting a new trial may in its discretion grant a partial new trial on one issue rather than a new trial on all issues. Under the circumstances before us, there is reason to believe that the jury awarded defendants only one dollar for the one-half interest in the beach property because it subtracted $7,000 from plaintiff's award. We therefore reverse and remand for a new trial on all the issues.

We need not address defendants' remaining assignment of error regarding the jury instruction.

Dismissal of defendants' counterclaim regarding conversion of the El Camino is reversed, and the cause is remanded for trial. Judgment on plaintiff's and defendants' contract claims is reversed and remanded for a new trial on all the issues.

Reversed and remanded.

Judges EAGLES and COZORT concur.