IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-752

Filed 2 April 2024

Mecklenburg County, No. 18 CVD 20536

DAN KING PLUMBING HEATING & AIR, LLC, Plaintiff,

v.

AVONZO HARRISON, Defendant.

Appeal by plaintiff from an order entered 25 April 2023 by Judge Matt Newton in Mecklenburg County District Court. Heard in the Court of Appeals 24 January 2024.

*Hull & Chandler, P.A., by Nathan M. Hull, for Plaintiff-appellant.*

*Devore, Acton, & Stafford, P.A., by Joseph R. Pellington, for Defendant-appellee.*

WOOD, Judge.

On 18 January 2022, this Court rendered an opinion on issues arising from these parties' dispute pertaining to plumbing services rendered by Dan King ("Plaintiff") for Avonzo Harrison ("Defendant"). *Dan King Plumbing Heating & Air Conditioning, LLC v. Harrison*, 281 N.C. App. 312, 869 S.E.2d 34 (2022) ("*Dan King Plumbing I*"). Plaintiff contends the trial court erred in its interpretation of this Court's remand orders in *Dan King Plumbing I*. For the reasons stated below, we affirm the trial court's order.

## I. <u>Factual and Procedural History</u>

The source of the parties' dispute is Plaintiff's installation of an HVAC system in Defendant's home. Plaintiff began work in November 2017, and the plumbing work was completed and passed final inspection on 4 December 2017. *Dan King Plumbing I*, 281 N.C. App. at 314–15, 869 S.E.2d at 39–40. In August 2018, Plaintiff filed a small claims action against Defendant for monies owed for services Plaintiff rendered. *Id.* at 317, 869 S.E.2d at 41. A magistrate dismissed the action, and Plaintiff appealed to the district court. In November 2018, Defendant filed a counterclaim against Plaintiff, "alleging various misrepresentations and contractual breaches." *Id.* at 318, 869 S.E.2d at 41. In an amended counterclaim, Defendant added claims for breach of contract, unfair and deceptive trade practices, fraud, and breach of the implied warranty of workmanship. Ultimately, the case proceeded to trial with Judge Paulina Havelka ("Judge Havelka") presiding, after which a "jury returned a verdict in favor of Defendant on all breach of contract claims and findings of fact concerning the UDTP [unfair and deceptive trade practices] claims. The jury awarded Defendant damages in the amount of $15,572 for the breach of contract and $15,000 for injuries associated with the UDTP claims." *Id.* at 318, 869 S.E.2d at 42.

After trial, in February 2020, Judge Havelka held an additional hearing "to determine whether the facts found by the jury amounted to UDTP as a matter of law." *Id.* On 11 March 2020, Judge Havelka entered a "written judgment in favor of Defendant, awarding him damages of $15,572 plus interest on the breach of contract

claims . . . . The judgment noted that none of the jury's findings amounted to unfair or deceptive trade practices[ ] and dismissed all of the parties' remaining claims with prejudice." *Id.* at 319, 869 S.E.2d at 42. Both parties appealed.

In adjudicating the parties' appeal, this Court first determined whether the jury's findings amounted to UDTP, which Defendant argued Plaintiff committed "in three respects: (1) by superimposing Mr. Harrison's signature on the amended contract; (2) by selling him duplicate warranties [the "duplicate warranties claim"]; and (3) by misrepresenting the completeness of the work via the installation checklist." *Id.* at 319–21, 869 S.E.2d at 42–43. Specifically, this Court "examine[d] two corollary doctrines under our UDTP caselaw—the 'aggravating circumstances' doctrine, and the 'reliance' doctrine." *Id.* at 319–20, 869 S.E.2d at 42. This Court affirmed Judge Havelka's rulings as to the superimposition of Defendant's signature and the installation checklist—that neither allegation of misconduct constituted a UDTP claim. *Id.* at 324, 328, 869 S.E.2d at 45, 48. As for the sale of duplicate warranties, this Court first held "the aggravating circumstances doctrine is not triggered." *Id.* at 325, 869 S.E.2d at 46. Second, this Court applied the reliance doctrine to the claim, examining whether Defendant's reliance on Plaintiff's misrepresentation was reasonable. *Id.* This Court held:

> [*W*]*e are unable to determine based on the record* whether Defendant would have discovered the existence of the duplicate warranties through reasonable diligence at the time of the original contract, and *we do not have the benefit of any jury findings on this issue*. During trial, *no evidence*

> was presented regarding whether the existence of HVAC manufacturer warranties is considered "common knowledge" (especially to a layperson); *no evidence* was presented regarding how it was that Defendant ultimately came to discover the existence of the manufacturer warranties; and *no evidence* was presented regarding whether it was a common practice in the HVAC industry to sell parts warranties for products that were already covered by a manufacturer warranty.

*Id.* at 326, 869 S.E.2d at 47 (emphasis added). Ultimately, this Court held Judge Havelka erred in her determination that Defendant's duplicate warranties claim failed as a matter of law and therefore "remand[ed] for further fact-finding on the issue of Defendant's reasonable diligence in discovering the existence and coverage of the duplicate warranties." *Id.* at 327, 869 S.E.2d at 47.

In *Dan King Plumbing I*, this Court also addressed Plaintiff's argument "that the trial court erred in failing to grant a directed verdict on Defendant's breach of contract claims." *Id.* at 331, 869 S.E.2d at 50. This Court clarified Defendant's position that Plaintiff "committed a breach of contract in three main respects: (1) by installing different equipment than was originally called for (such as the water heaters); (2) by charging a higher price than was originally called for; and (3) by performing substandard work, such as on the re-piping and insulation projects" (the "workmanship claim"). *Id.* Plaintiff argued that "in order to bring a proper claim for failure to construct in a workmanlike manner, [Defendant] must put on expert testimony to establish the relevant standard of care." *Id.* at 332, 869 S.E.2d at 50. This Court agreed with Plaintiff, stating, "at least some expert evidence must be

presented to sustain a claim such as this." *Id.* at 332, 869 S.E.2d at 51. This Court noted that at trial, "Defendant did not offer any expert testimony to demonstrate that the plumbing work was not performed in a workmanlike manner. Instead, Defendant offered his own lay-testimony" which this Court held was inadequate as a matter of law to prove Defendant's workmanship claim. *Id.* at 335, 869 S.E.2d at 52. Accordingly, this Court stated, "We reverse and remand for a new trial *on this claim*." *Id.* (Emphasis added). As for Defendant's two other breach of contract claims, this Court held, "sufficient evidence was presented to allow these claims to proceed to the jury," and therefore, "the trial court did not err in refusing to grant a directed verdict on Defendant's remaining breach of contract claims." *Id.* Specifically, this Court "remand[ed] for a new trial on Defendant's claim for failure to perform in a workmanlike manner under a construction or building contract." *Id.* at 331, 869 S.E.2d at 50.

Subsequent to the filing of this Court's opinion in *Dan King Plumbing I*, and with the trial court having taken no further action on remand, Plaintiff filed a "motion to amend judgment to conform to appealate [sic] opinion including motion for a new trial" on 21 October 2022. In it, Plaintiff requested:

> [F]urther findings of fact [to] be added to the Judgment in this matter in compliance with . . . the Opinion or other corrective action[,] . . . entry of directed verdict against Defendant's breach of contract claim as provided in . . . the Opinion and order a new trial on the breach of contract claim which was not divided out as separate an[d] independent from the breach relate to workmanship, or

otherwise resolve outstanding issues in this case.

On 13 December 2022, Judge Havelka held a hearing on the motion. During that hearing, she discussed her interpretation of this Court's ruling in *Dan King Plumbing I*:

> I assure you, the only thing I need to redo on the unfair and deceptive is rewrite the facts that needed to be in there the first go-round[.]
>
> . . .
>
> My fault that I didn't have enough facts there for the unfair and deceptive. But I assure you, I have no – I'm so familiar with this case.
>
> . . .
>
> And yes, I agree that there is no other option but to try the workmanship claim on the breach of contract. I'm not changing my mind on the unfair and deceptive.
>
> I think what the Court of Appeals did is basically nudge me, and say, judge, you knew better than to sign that order. You needed more facts. And that's exactly what I intend on doing.

However, Judge Havelka did not prepare or file a written order on Plaintiff's "motion to amend judgment," and the matter was assigned to Judge Matt Newton (the "trial court"), who held a new hearing on 1 March 2023 on Plaintiff's motion. During that hearing, Plaintiff's counsel argued, "Regarding the issue of findings of fact [pertaining to the UDTP duplicate warranties claim], the Court of Appeals specifically stated add findings of fact, it did not state have a new trial." The trial court disagreed with

Plaintiff's counsel's interpretation of this Court's ruling in *Dan King Plumbing I*,

stating:

> So I think that we patently disagree on our interpretation of the Court of Appeals' opinion inasmuch as the issue pertaining unfair and deceptive trade practices and more particularly the reliance element to establish an unfair and deceptive trade practice claim for duplicate warranty here. I don't understand why they would -- the Court of Appeals would ask so if not for a change in ruling, and to remand for findings or fact via a jury trial.
>
> I don't understand why it would be remanded in the way it was and why they would request -- specifically request more testimony. Inasmuch as the testimony that was requested, they referenced evidence needing to be presented pertaining to whether the existence of HVAC manufacturer warranties are considered common knowledge, regarding -- so evidence regarding how Defendant ultimately came to discover the existence of manufacturer's warranties; evidence of whether it was common practice in the HVAC industry to sell parts and warranties for products that were already covered by a manufacturer warranty. And also included other examples of relevant evidence such as warranty extending beyond a manufacturer's warranty.
>
> So whether that occurs in this instance, whether the Plaintiff provided a warranty as a member of the local community and its relevance and so forth. I am at a loss to understand why there would be that particular or those particular instances of the need for additional testimony if it was something that was to be pursued outside the context -- at least on that particular issue -- outside the context of a de novo trial.
>
> At the same time, inasmuch as the directed verdict is concerned, it's my understanding after reading the Court of Appeals' decision that the reversible error was because no expert testimony was provided. And I think that that

> was very clear. The desire for there to be expert testimony to be provided to make a more clearer or for the court to make a more clearer decision on whether a directed verdict is necessary or would be applicable here.
>
> And in the absence of that, this court isn't prepared to proceed forward.

Ultimately, in a written order filed 25 April 2023, the trial court denied Plaintiff's motion and ordered "(1) a new trial on the proximate cause/reliance issue with respect to the duplicate warranties under the Defendant's unfair and deceptive trade practices cause of action; [and] (2) a new trial on the Defendant's workmanship breach of contract cause of action." Plaintiff filed notice of appeal on 26 April 2023.

## II. Analysis

### A. Appellate Jurisdiction

Plaintiff appeals as of right pursuant to N.C. Gen. Stat. 7A-27(b)(3)(d), which states that "appeal lies of right directly to the Court of Appeals . . . [f]rom any interlocutory order or judgment of a superior court or district court in a civil action or proceeding that . . . [g]rants or refuses a new trial." Here, the trial court entered an order on Plaintiff's "motion to amend judgment to conform to [appellate] opinion including motion for a new trial" in which it ordered a new trial. Accordingly, the trial court's order is appealable as of right under N.C. Gen. Stat. 7A-27(b)(3)(d).

### B. Trial Court's Action in Prior Judge's Absence

Plaintiff argues the trial court was not authorized to enter an order on his motion because Judge Havelka's term had ended, and the trial court did not follow

the proper procedures to finish its work on the case.

First, Plaintiff argues Judge Havelka left an order waiting to be signed and should have been recalled and commissioned to complete her work on the case. N.C. Gen. Stat. § 7A-53 provides:

> No retired judge of the district or superior court may become an emergency judge except upon the judge's written application to the Governor certifying the judge's desire and ability to serve as an emergency judge. *If the Governor is satisfied that the applicant qualifies under G.S. 7A-52(a)* to become an emergency judge and the applicant is physically and mentally able to perform the official duties of an emergency judge, the Governor shall issue to the applicant a commission as an emergency judge of the court from which the applicant retired.

N.C. Gen. Stat. § 7A-53 (2023) (emphasis added). Second, Plaintiff argues the trial court should have followed the procedures outlined in N.C. R. Civ. P. 63, including tasking the chief judge of the district with handling the issues on remand. N.C. R. Civ. P. 63 provides:

> If by reason of . . . expiration of term, . . . a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed by the court under these rules after a verdict is returned or a trial or hearing is otherwise concluded, then those duties, including entry of judgment, may be performed:
>
> . . .
>
> > (2) In actions in the district court, by the chief judge of the district, or if the chief judge is disabled, by any judge of the district court designated by the Director of the Administrative Office of the Courts.

> If the substituted judge is satisfied that he or she cannot perform those duties because the judge did not preside at the trial or hearing or for any other reason, the judge may, in the judge's discretion, grant a new trial or hearing.

Here, Plaintiff provides no argument or evidence regarding whether Judge Havelka would have qualified pursuant to N.C. Gen. Stat. § 7A-52(a) to be appointed as an emergency judge or that the Governor would have appointed her. Most importantly, there is no evidence in the Record that Judge Havelka prepared an order that was ready to be signed. She held a hearing on Plaintiff's motion which requested that she act pursuant to this Court's opinion in *Dan King Plumbing I.* During that hearing, she said how she *would rule* on the motion, but she did not enter an order.

"A judgment is 'entered' when it is 'reduced to writing, signed by the judge, and filed with the clerk of court.' An announcement of judgment in open court constitutes the rendition of judgment, not its entry." *West v. Marko*, 130 N.C. App. 751, 755, 504 S.E.2d 571, 573–74 (1998) (quoting N.C. R. App. P. 58). "[A]n oral ruling announced in open court is 'not enforceable until it is entered.'" *In re Thompson*, 232 N.C. App. 224, 227, 754 S.E.2d 168, 171 (2014) (quoting *West,* 130 N.C. App. at 756, 504 S.E.2d at 574). There is no evidence Judge Havelka entered an order or that she drafted an order and left it for the chief district court judge to sign after her term ended. Thus, the trial court was entitled to exercise its discretion and hold a new hearing on the unresolved motion and enter its own ruling on the matter.

**C. The Trial Court's Order on Plaintiff's Motion to Amend Judgment**

Plaintiff next argues the trial court erred in granting a new trial on the duplicate warranties claim because this Court in *Dan King Plumbing I* merely remanded the issue for "further fact-finding on the issue of Defendant's reasonable diligence in discovering the existence and coverage of the duplicate warranties." *Dan King Plumbing I*, 281 N.C. App. at 327, 869 S.E.2d at 47. Plaintiff also argues the trial court erred in granting a new trial on Defendant's workmanship claim because Defendant's breach of contract claim was not separated into distinct verdicts or theories but rather combined as one question on the verdict sheet.

Regarding matters "left to the discretion of the trial court," our Supreme Court has stated:

> [A]ppellate review is limited to a determination of whether there was a clear abuse of discretion. A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason. A ruling committed to a trial court's discretion is to be accorded great deference and will be upset only upon a showing that it was so arbitrary that it could not have been the result of a reasoned decision.

*White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citations omitted).

First, we address the trial court's grant of a new trial on the duplicate warranties claim. Plaintiff argues the trial court merely should have made or added findings of fact to support Judge Havelka's original determination that the jury's findings regarding Defendant's duplicate warranties claim did not amount to UDTP as a matter of law. Specifically, Plaintiff argues this Court's order on remand for

"further fact-finding on the issue of Defendant's reasonable diligence" was a directive to the *trial court* to make further findings of fact.

"Whether a trade practice is unfair or deceptive usually depends upon the facts of each case and the impact the practice has on the marketplace. Based upon the jury's findings of fact, the court must determine as a matter of law whether a defendant's conduct violates this section." *United Lab'ys, Inc. v. Kuykendall*, 102 N.C. App. 484, 4991, 403 S.E.2d 104, 109 (1991).

Here, the trial court did what is directed by *Kuykendall.* The jury reached its verdict, making findings of fact relevant to Defendant's UDTP claims. The trial court, equipped with the jury's resolution of the facts, found:

> It is decreed that the acts Plaintiff committed as enumerated in Verdict Issue #8, Issue #9, Issue #10, and Issue #11 do not, as a matter of law, constitute unfair or deceptive trade practices or acts, and therefore no Judgment is entered in accordance with the Jury's Verdict for violations of N.C. Gen. Stat. § 75-1.1 by Plaintiff.

(Capitalization modified for ease of reading). In reviewing Judge Havelka's judgment, and specifically, the issue of whether Defendant's reliance on Plaintiff's misrepresentation was reasonable, this Court stated, "we do not have the benefit of any jury findings on this issue." *Dan King Plumbing I*, 281 N.C. App. at 326, 869 S.E.2d at 47. This Court then noted that "[d]uring trial, no evidence was presented regarding" various issues of fact relevant to whether Defendant's reliance was reasonable. *Id.* at 327, 869 S.E.2d at 47. Therefore, the trial court could not have

made the factual findings which this Court deemed essential to Defendant's duplicate warranties claim. Accordingly, the trial court did not abuse its discretion in ordering a new trial on the "reliance issue with respect to the duplicate warranties" claim.

Second, we address the trial court's grant of a new trial on Defendant's workmanship claim. Plaintiff argues the "Court of Appeals made clear that [Plaintiff's] motion for directed verdict should have been granted regarding [Defendant's] workmanship claim."

Plaintiff's interpretation of this Court's opinion in *Dan King Plumbing I* is the opposite of what this Court held. This Court specifically stated, "We reverse and remand for a new trial *on this claim*," referring to "Defendant's claim for failure to perform in a workmanlike manner under a construction or building contract." *Id.* at 331, 335, 869 S.E.2d at 50, 52. Immediately thereafter, this Court stated:

> "As for Defendant's remaining breach of contract claims—failure to provide the correct water heater called for in the contract, and charging a higher price than called for—we conclude sufficient evidence was presented to allow these claims to proceed to the jury. . . . We accordingly hold that the trial court did not err in refusing to grant a directed verdict on Defendant's remaining breach of contract claims.

*Id.* at 335, 869 S.E.2d at 52.

"A court granting a new trial may in its discretion grant a partial new trial on one issue rather than a new trial on all issues." *Myers v. Catoe Const. Co.*, 80 N.C. App. 692, 696, 343 S.E.2d 281, 283 (1986). Accordingly, the trial court complied with

this Court's order on remand as to Defendant's breach of contract claim and did not abuse its discretion in ordering a new trial as to one particular issue or theory under the claim.

## III. <u>Conclusion</u>

For the foregoing reasons, we conclude the trial court did not err by holding a new hearing and entering an order on Plaintiff's motion to amend judgment to conform to this Court's prior opinion in the absence of the original judge presiding over this matter. We further conclude the trial court did not abuse its discretion in granting a new trial on the proximate cause/reliance issue with respect to the duplicate warranties under the Defendant's UDTP cause of action and Defendant's workmanship breach of contract cause of action.

AFFIRMED.

Judges TYSON and ZACHARY concur.